[No. 15100.   Department Two.—August 10, 1893.]

## T. C. EDWARDS, RESPONDENT, *v.* W. B. HELLINGS, APPELLANTS, ET AL. RESPONDENTS.

JUDGMENT—PLEADING.—In pleading a judgment the pleader need only follow section 456 of the Code of Civil Procedure, and aver that the judgment was "duly given."

ID.—ACTION UPON JUDGMENT—INSUFFICIENT AVERMENT.—In an action upon a judgment, the complaint must show that a final judgment was recovered; and an allegation that in the prior action the court "adjudged" that the defendant should pay to the plaintiff a certain sum of money, without the use of the word "judgment," is insufficient to show a cause of action.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

*T. M. Osmont, Henry I. Kowalsky,* and *T. J. Crowley,* for Appellants.

*H. C. Firebaugh,* for Respondent.

McFARLAND, J.—This purports to be an action upon a judgment. The complaint was demurred to upon the ground that it does not state facts sufficient to constitute a cause of action, and also as ambiguous, uncertain, etc. The demurrer was overruled; and defendants refusing to answer, judgment was entered for plaintiff. W. B. Hellings, one of the defendants, appeals.

The general demurrer should have been sustained for the complaint does not state facts sufficient to constitute a cause of action upon a judgment. The only averment in the complaint about a judgment is as follows: "That on the 21st of June, 1879, at this city and county, in the late fifteenth judicial district court in and for this city and county and state, in an action therein pending between this plaintiff and the above-named defendants, said court adjudged that the defendants should pay to plaintiff $1,873.85," together with interest, etc.

This court has been quite liberal in condoning defective and vulnerable pleadings; but the frontiers of liberality in this respect have not yet been pushed far enough to take in everything. In the case at bar, if we waive the point whether the words "late fifteenth judicial district court" designate any court

which we can recognize, still the complaint fails to plead any judgment constituting the present alleged cause of action. In this state there are several well known methods of pleading a judgment; and if the pleader desires simplicity he need only follow section 456 of the Code of Civil Procedure, and aver that the judgment was "duly given."

In the late case of *Weller* v. *Dickinson*, 93 Cal. 108, it was held that the words "recovered a judgment" were sufficient; and although the decision in that case was quite liberal still it appeared there from the averment that there *was a judgment.* But we cannot imagine how the most accomplished pleader could manage to plead a judgment without using the *word* "judgment"; and there is no apparent reason why he should try to do it. In the complaint in the case at bar there is no averment of any judgment; the only allegation touching that matter being that in an action, the nature of which is not stated, the court at some stage of the action not specified "adjudged" that the defendants therein "should pay" to the plaintiff a certain sum of money. Now a judgment is "the final determination of the rights of the parties"; and a complaint upon a judgment must show that the thing sued on was such a final determination. Such final determination is averred by the use of the word "judgment"; but the word "adjudged," while sometimes used together with "considered," "ordered," "determined," "decreed," etc., as one of the operative words of a final judgment, is also applicable to interlocutory orders and adjudications of a court. It is synonymous with "decided," "determined," etc. If in a case tried without a jury, the judge should make his written findings, which would be his decision, it would be proper to say that he thereby "adjudged" so and so; but his findings would not be a judgment. In this case, therefore, there is no averment of a judgment, and consequently no averment of a cause of action.

Judgment reversed.

Fitzgerald, J., and De Haven, J., concurred.

Rehearing denied.