[Crim. No. 393. Third Appellate District.—September 3, 1917.]

## THE PEOPLE, Respondent, v. WILLIAM HAACKE, Appellant.

INTOXICATING LIQUORS — SALE IN NO-LICENSE TERRITORY—EVIDENCE— BOTTLES PURCHASED—SUFFICIENCY OF IDENTIFICATION.—In a prosecution for selling alcoholic liquor in no-license territory, the bottles of wine purchased of the defendant by the person employed by the officer to make the purchase were properly admitted in evidence where they were placed by the constable just as he received them in a trunk at his home and never taken therefrom except when produced before the grand jury, and the constable testified that he never changed their contents, that there were no indications of their having been tampered with, and that it appeared to him to be the same "stuff."

ID.—VERDICT—STATEMENT OF JUDGE TO JURY—LACK OF COERCION.—In such prosecution the statement of the judge upon the return to the jury for the purpose of having certain testimony read to them, that he took the request to be a good sign that they were still working at their verdict and had not concluded that they could not agree, and that he would be in attendance until about fifteen minutes after 9, and that if they had agreed by that time, he would accept their verdict and discharge them that night, is not misconduct, as threatening the jury with a night in the juryroom unless they reached a verdict.

APPEAL from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

Charles Kasch, and J. C. Hurley, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The defendant was charged by indictment by the grand jury of the county of Mendocino with the crime of selling alcoholic liquor in no-license territory. He was thereupon duly tried and convicted of the offense charged. He moved for a new trial, which motion was denied, and he was thereupon sentenced to pay a fine of five hundred dollars and to imprisonment in the county jail for a term of six months. Defendant prosecutes this appeal from the order and the judgment.

But two points are urged by appellant: (1) That the court erred in overruling objections to the admissibility of evidence, and (2) that the court was guilty of misconduct, in that it made a statement to the jury which had the effect of thereafter bearing improperly upon their verdict.

Briefly, the facts appear as follows: It being suspected that defendant Haacke was "blind-pigging," one William Lair was employed by Mr. Vann, the constable, to purchase liquor from defendant. Two bottles, securely wrapped in newspaper, of what was supposed to be wine and sold as such were purchased and promptly turned over to Mr. Vann. This occurred on July 23, 1916. Vann placed the bottles, just as he received them, in a trunk at his home, and removed them only when it was necessary to produce them before the grand jury and at the trial. It appears that the trunk was rarely locked and that all of Vann's family had access to it. It does not appear that anyone else had access to the trunk. The hearing before the grand jury was held in December, 1916, and the trial had on January 18, 1917. Upon the offer of the two bottles, together with their contents, in evidence, objection was made by defendant that no foundation had been laid, that there was no preliminary showing that the contents were the same on the day of trial as when originally taken. An examination of the record, however, discloses sufficient evidence to justify the admission of the bottles. Though Vann admits that his wife and children "could" have got at

the bottles, the clear inference from his testimony is that they did not. He testifies positively that he never changed the contents, that the original paper was still around the bottles just as when they were purchased, that there were no indications whatever that the bottles had been tampered with, and that it appeared to him to be the same "stuff." Though the bottles passed through the hands of several other persons, each took the stand and testified that he had not altered the contents. At most defendant shows a mere possibility for one to have molested the bottles. But as declared in *Tebbe* v. *Smith,* 108 Cal. 101, [49 Am. St. Rep. 68, 29 L. R. A. 673, 41 Pac. 454]: "The law cannot guard against a mere possibility and no judgment of any of its courts is ever rendered upon one." While the bottles "should be admitted only after clear and satisfactory evidence of their integrity, yet, when they have been admitted, this court will not disturb the ruling, unless we in turn are as well satisfied that the evidence does not warrant it." (*Tebbe* v. *Smith, supra.*)

The utterance of the judge which is claimed to have improperly influenced the verdict appears from the following:

"Court: Gentlemen, have you agreed upon a verdict?

"Foreman: No, sir; some of the members of the jury would like to hear the testimony of the expert witnesses read. [At this time the reporter read the testimony of the experts.]

"Court: Is there anything else, gentlemen?

"Foreman: That's all, I think.

"Court: Well, I take this to be a good sign that you are still working at it, haven't concluded you couldn't agree, and so keep working at it, gentlemen, and agree if you can and the court will be here till about fifteen minutes after 9, gentlemen, and if you have agreed at that time the court will accept your verdict and discharge you to-night. You may retire now."

Defendant claims that the reasonable inference from these words is that the jury were threatened with a night in the jury-room unless they reached a verdict by 9:15, and that in that respect they were coerced. We cannot agree with defendant's interpretation. It is not an unusual thing for a judge to tell a jury at what time of night he is going home, so that they may know where he is available if they wish to call him during the night. There is nothing in the language used by the judge which would indicate to the jury

that he had a fixed and definite conviction in regard to the verdict or which would create the impression that he thought the jury ought to convict upon the evidence before them. He appears merely to have expressed satisfaction at the effort being made by the jury to reach a fair verdict.

The judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 3, 1917.