[Crim. No. 511.   Third Appellate District.—May 13, 1920.]

## In the Matter of the Application of WALDO S. JOHNSON for a Writ of Habeas Corpus.

[1] MUNICIPAL CORPORATIONS—NATURE OF ORDINANCE—TITLE NOT CONCLUSIVE.—In determining whether a municipal ordinance is a revenue measure or is regulatory in its nature, and therefore beyond the powers of the municipality, the courts will look to the substantive provisions of the ordinance, the title of the ordinance, even though it contain the word "regulating," not being conclusive.

[2] ID.—MARYSVILLE—LICENSE ORDINANCE—REVENUE MEASURE.—Ordinance No. 188 of the city of Marysville, entitled, "An ordinance providing for licensing and regulating the carrying on of certain professions, trades, callings and occupations," is a revenue measure.

[3] ID.—VIOLATION OF ORDINANCE—MISDEMEANOR UNDER STATE LAW. Section 435 of the Penal Code, which provides that a failure to take out a license when required by a law of this state shall constitute a misdemeanor, covers a violation of such an ordinance, regardless of whether the city had the power to provide that a violation of the ordinance should constitute a misdemeaner.

[4] ID.—NONPAYMENT OF LICENSE TAX — IMPRISONMENT — CONSTITUTIONAL LAW.—Imprisonment on conviction for nonpayment of a license tax imposed by a municipal ordinance is not an imprisonment for debt within the meaning of article I of the constitution.

[5] ID.—BUSINESS OF LAWYER—RIGHT TO LICENCE.—For the purpose of raising revenue, a municipal corporation has the power to impose a license for carrying on the business of a lawyer at a fixed place of business within the city.

PROCEEDING on Habeas Corpus to secure the release of a lawyer imprisoned for failure to pay a license tax.  Writ dismissed and petitioner remanded.

The facts are stated in the opinion of the court.

M. T. Brittan, W. E. Davies and Waldo S. Johnson, *in pro. per.*, for Petitioner.

W. P. Rich for Respondent.

PREWETT, P. J., *pro tem.*—The petitioner was convicted under section 1 of Ordinance No. 188 of the city of Marysville, and he seeks his discharge from the imprison-

ment which followed such conviction. Section 1 requires that every person carrying on certain specified callings shall, before commencing the same, procure a license therefor, and section 80, so far as pertinent to this inquiry, reads as follows: "Section 80. Every person engaged in business as a lawyer, *maintaining an office in said city,* shall pay a license of $2.50 per month." The petitioner, a lawyer by occupation, maintains an office in said city and he neglected to take out the license demanded by said section 1. No point is made as to sufficiency of the judgment in mere matters of form.

(1) It is contended that the ordinance in question is regulatory in its nature and therefore beyond the powers of the municipality. It is conceded that the business in question is not one that can be "regulated" under the police powers of cities and counties. Unless, therefore, the ordinance is a revenue measure, it cannot be upheld. [1] The title of the ordinance is cited to the court as an evidence that the municipality, in adopting the ordinance, intended it as a regulatory provision. The title reads: "An ordinance providing for licensing and regulating the carrying on of certain professions, trades, callings and occupations." It is true that this title contains the word "regulating," but this is not conclusive. The court will look to the substantive provisions of the ordinance to determine its legal effect. It happens that this title is copied in precise words from that considered by the court in *Ex parte Braun,* 141 Cal. 204, [74 Pac. 780]. The court, in arriving at the conclusion that the ordinance considered in that case was for revenue and not for regulation, uses the following language: "It is devoid of regulating provisions, being devoted entirely to the imposition of a license tax upon various trades and occupations, and the collection thereof. It imposes a license tax upon a great majority of callings and occupations and, in several instances, the amount of the tax is based upon the amount of business transacted. It includes numerous callings which are in no degree subject to regulation. . . . Taking into consideration the absence of regulatory provisions, the amounts of the several taxes imposed and the nature of many of the subjects of taxation named in the ordinance, including the particular business here involved, it is very clear that the license tax upon the business

alleged to be conducted by petitioner was imposed solely for the purpose of raising revenue." The language just quoted is peculiarly applicable to the ordinance now under examination. Although two justices dissented from the opinion in that case, their dissent was based upon other points. The case has been often cited in later reports and, so far as we are informed, its doctrines have never been questioned. A title is not an indispensable part of an ordinance. It may have a defective title. (*Ex parte Haskell,* 112 Cal. 412, [32 L. R. A. 527, 44 Pac. 725]; *Ex parte Young,* 154 Cal. 321, [22 L. R. A. (N. S.) 330, 97 Pac. 822].) **[2]** It clearly appears that the ordinance in question is a revenue measure.

**[3]** (2) The petitioner insists that the city has no power to provide that a violation of the ordinance shall constitute a misdemeanor. It is immaterial whether or not it has such power or has attempted unsuccessfully to exercise it. An ordinance is deemed to be "a law" in this state. Section 435 of the Penal Code provides that a failure to take out a license when required by a law of this state shall constitute a misdemeanor.

This section covers a violation of an ordinance. (*Ex parte Lawrence,* 69 Cal. 608, [11 Pac. 217]; *Ex parte Christensen,* 85 Cal. 211, [24 Pac. 747].)

**[4]** It is further insisted in the brief of petitioner that imprisonment on conviction for nonpayment of a license tax is an imprisonment for debt and therefore unlawful, though no authorities are cited in support of this claim. It has been so long conceded in this state that imprisonment for failure to pay a license tax is not an imprisonment for debt within the meaning of article I of the constitution, that the question can scarcely be deemed to be open for discussion. Failure to procure a license in a case required by law, is a neglect of a duty due to the public. For such neglect the offender may be punished by imprisonment. In such case, the punishment is penal and not merely in the nature of a remedy. It is not auxiliary to a civil action. Even after the offender shall have suffered the specified number of days imprisonment, the money obligation is still unpaid. The penalty imposed is a mere punitive burden exacted as a means of deterring the offender and others from the commission of like delinquencies in the future. In *Ex parte*

*Bagshaw,* 152 Cal. 701, [93 Pac. 864], the court, through its chief justice, uses the following language: "The legislature of the state has seen fit to make it a crime under the state law for any one to carry on a business for which a license is required by any law or ordinance, without procuring such license, and one who does so, not only disobeys the ordinance, but violates the state law and is guilty of a crime by reason of the express provision of such law."

The petitioner is not charged with a failure to pay his license tax. The charge is that he carried on a certain business without first procuring the necessary license. The section of the Penal Code above cited does not purport to fix a license fee nor does it provide for the issuance of a license. It would be unprofitable to multiply authorities to show that our courts have again and again upheld the power of the legislature to prescribe a punishment for failure to procure a license before carrying on certain lines of business.

[5] (3) The chief claim of the petitioner is that the city has no power to license the business of a lawyer. It is pointed out that a lawyer is licensed as such by the courts, that his license is in the nature of a vested right and that any act of the legislature curtailing this right would impair the obligation of a contract. Without conceding that these claims are well founded, they are, nevertheless, inapplicable to the case. It is true that a license cannot be imposed upon a lawyer, nor can his business be regulated by ordinance. But the petitioner is not charged with practicing law without a license, but with "carrying on a trade, calling, profession or business" without first procuring a license. Sections 1 and 4 of the ordinance, when read in connection with section 80, above quoted, show clearly that the license is exacted for "carrying on the business of a lawyer at a fixed place of business." The propriety of exacting revenue from one who maintains an office and carries on a business within a city is apparent. Many expenditures by the city are rendered necessary by reason of an office or other place of business within its limits. Petitioner relies with much confidence upon the *City of Sonora* v. *Curtin,* 137 Cal. 583, [70 Pac. 674]. This case, however, is not in point. The defendant, Curtin, was charged with failure to pay a license tax under an ordinance which provided that "every law-

yer shall pay a license of three dollars per quarter." It. was held in that case that a license tax cannot be levied upon a person nor upon such of his acts as fall short of carrying on a business. The distinction was sharply drawn by the court between a license upon the business of practicing law and a license upon a person because he is an attorney at law. There appears to be no inherent difference between carrying on the business of practicing law and carrying on any other business or pursuit. It is not questioned that the state may, in the exercise of its sovereign powers, levy license taxes upon merchants and manufacturers who maintain places of business, and this, too, for the sole purpose of raising revenue. A lawyer's office makes certain demands upon the various fire, police, street, and other functions of a city, which differ from above classes only in quantity and not in quality. If the one should be required to assist in keeping up the revenues of a city, no reason is apparent why the other should not. Whether a license might be exacted for carrying on a law business without maintaining an office is a question that is not before the court. We entertain no doubt that a state license issued to a lawyer authorizing him to practice law is not a bar to the claim of a city to levy a license for maintaining an office in connection with such practice. For many years the state has licensed druggists, but it has not been suggested that a druggist's license is the equivalent of a license to run a drug-store. No adequate reason is discovered why the commitment should be disturbed. Writ dismissed and petitioner remanded.

Hart, J., and Burnett, J., concurred.