[Civ. No. 16209. Second Dist., Div. One. June 23, 1948.]

MARDA H. BROWNE, Respondent, v. E. W. ULRICH et al.,
Appellants.

John A. Jorgenson for Appellants.

Ernest A. Oswald for Respondent.

BARTLETT, J. pro tem.—This is an action to foreclose a lien: The complaint contains the following allegations:

Paragraph I alleges that certain persons are sued under fictitious names.

Paragraph II alleges that the defendant Bank of America National Trust and Savings Association is a national banking association.

Paragraph III alleges that the defendants Ulrich and Jorgenson are the owners of certain described real estate.

Paragraph IV alleges that the defendant Bank of America claims some interest in the property and that the claim is without right.

Paragraphs V, VI and VII read as follows:

"V

"That plaintiff is the assignor of Fred R. Salter of all his right, title and interest in and to that certain Judgment in Action No. 463398 of the Records and files of the Superior Court of the State of California, in and for the County of Los Angeles; that plaintiff is now the owner of said Judgment.

"VI

"That said judgment provides among other things that the defendants in that action owned title to the heretofore described real property subject to the lien of Bond No. 78, Series 2, issued for the paving and improving of D Street and portions of other streets in the City of Los Angeles; and that said Street Improvement Bond was issued pursuant to the 'Improvement Act of 1911.'

"VII

"That said Street Improvement Bond had theretofore been foreclosed in an action entitled *M. E. Oswald* v: *Grace G. Williams, et al.,* No. 409724 of the records and files of the

Superior Court of the State of California, in and for the County of Los Angeles.''

Paragraph VIII sets forth the due dates and amounts of interest due.

Paragraph IX alleges that Exhibit ''A'' attached to the complaint is a copy of the bond referred to.

Paragraphs X and XI read as follows:

''X

''That pursuant to Section 6460 of the Streets and Highway Code said principal and interest coupons bear penalties at the rate of 1% per month until paid.

''XI

''That pursuant to Section 6504 of the Streets and Highway Code the principal unpaid balance of a Street Improvement Bond in default bears interest at the rate of 7% compounded semi annually from date of default until date of payment.''

The complaint then prays that the amount due upon the lien of the street improvement bond be determined and that the described real property be sold to satisfy the lien of the street improvement bond.

The answer denied the material allegations of the complaint set up various statutes of limitations as a bar, alleged that the bond referred to in plaintiff's complaint had been paid, and that it had been surrendered to the treasurer of the city of Los Angeles, who had cancelled it.

The court awarded judgment for the principal sum of the bond in the sum of $174.22 and penalties and interest in addition, which raised the amount of the judgment to $827.33, and ordered that the real estate be sold to satisfy the judgment.

We have set forth the allegations of the complaint in such detail for the reason that at the trial appellant urged, and strenuously contends here, that the complaint did not state facts sufficient to constitute a cause of action. A reading of the complaint shows the correctness of appellant's contention. The complaint is denominated ''Foreclosure of Lien,'' alleges in paragraph VI that the real property is subject to the lien of Bond No. 78, Series 2, issued pursuant to the Improvement Act of 1911, pleads all of the interest and penalties due under said bond, and prays for a determination of the amount due under said street improvement bond, and asks for a sale of the property ''to satisfy the lien of said Street

Improvement Bond." Yet in that very same complaint, in paragraph VII, plaintiff alleges without explanation that said Street Improvement Bond "had theretofore been foreclosed." Also, there is an absolute failure in this complaint to allege any facts which would show whether or not this lien is still in force and effect or whether it has since been discharged, in whole or in part, by payment or otherwise.

It is alleged that plaintiff "is the assignor of Fred R. Salter of all his right, title and interest in and to that certain Judgment," etc., but nowhere is there any allegation as to what interest, either at the time of the assignment or any other time, that Salter had or what he had to assign. It appears from the bond, alleged to be a copy, that it is payable to Geo. H. Oswald. No assignment of the bond from Oswald to Salter or to the plaintiff is alleged. Paragraph VI, which attempts to allege a judgment, shows that the judgment merely stated that the property was subject to the lien of the bond, but did not state who was the owner or holder of the lien. There is no allegation that either Salter or the plaintiff had any interest in the judgment in *Oswald* v. *Williams et al.*, referred to in paragraph VII.

In addition to all the defects in the complaint just recited, an attempt is made to allege two judgments. The first of these judgments is referred to in paragraphs V and VI, which we have set forth in full. So far as the allegations of these paragraphs are concerned, there is no allegation as to who was the plaintiff in that action or as to who the defendants were, or as to when it was rendered, or that it is final, or as to whether or not the lien referred to therein is satisfied. So far as the foreclosure judgment is concerned, here again there is no allegation as to its date, what its provisions are, whether or not it is final, or that there is any connection between M. E. Oswald, referred to in that paragraph, and the plaintiff or Geo. H. Oswald, the payee of the bond, or either of the Oswalds and Fred R. Salter or the plaintiff here.

Section 456 of the Code of Civil Procedure reads as follows:

"In pleading a judgment or other determination of a court, officer, or board, it is not necessary to state the facts conferring jurisdiction, but such judgment or determination may be stated to have been duly given or made. If such allegation be controverted, the party pleading must establish on the trial the facts conferring jurisdiction."

In regard to neither of the judgments to which reference is made is there any allegation as to its having been *duly* given or made and none of the allegations which are implied in the use of the word "duly" appear.

In *Edwards* v. *Hellings*, 99 Cal. 214 [33 P. 799], language appears which is applicable here:

"This court has been quite liberal in condoning defective and vulnerable pleadings; but the frontiers of liberality in that respect have not been pushed far enough to take in everything. . . . In this state there are several well-known methods of pleading a judgment; and if the pleader desires simplicity he need only follow section 456 of the Code of Civil Procedure and aver that the judgment was 'duly given.' "

Appellant is also correct in his contention that this action is barred by the statute of limitations. This is an action to foreclose the lien of a street improvement bond. The allegations of the complaint which we have heretofore considered in detail clearly show this to be a fact. ▇ The prayer may be resorted to for the purpose of ascertaining plaintiff's theory of action and the kind of relief to which he conceives himself entitled. (*McPheeters* v. *McMahon*, 131 Cal.App. 418 [21 P.2d 606]; *Sullivan* v. *Compton*, 61 Cal.App.2d 500 [143 P.2d 357].)

The relief requested is as follows:

"WHEREFORE PLAINTIFF PRAYS:

"1. That the Court determine the amount now due upon the lien of said Street Improvement Bond.

"2. That said lien be determined to be a first lien upon said real property.

"3. That a Commissioner be appointed to sell said real property at public auction and that said Commissioner, after the time allowed by law has expired, execute a deed to the purchaser at said foreclosure sale.

"4. That said real property be ordered sold to satisfy the lien of said Street Improvement Bond."

▇ The date of the street improvement bond thus sought to be foreclosed is February 4, 1931. The date of the maturity of the last installment of this lien was January 2, 1941. This action was filed August 20, 1946. The lien sued on was one under the Improvement Act of 1911 (div. 7, Sts. & Hy. Code), section 6610 of which provides that an action to recover the amount due thereon must be brought within four years after

the due date of the last installment, which is the same period of limitation as that prescribed by subdivision 1 of section 337 of the Code of Civil Procedure. Both of these statutes of limitations were pleaded by the defendant, although the trial court made no finding whatever in regard to them.

Respondent contends that this is an action based upon the judgment in the case of *Salter* v. *Ulrich*, and that the provisions of section 336, subdivision 1, of the Code of Civil Procedure, apply. This contention is refuted by the complaint and the judgment in the instant case, which is one to foreclose a street improvement bond lien and not to foreclose any lien created by that judgment.

This is clearly shown by the judgment in *Salter* v. *Ulrich*, the only part of that judgment which is pertinent reads as follows:

"That at the time said E. W. Ulrich purchased said real estate on July 7, 1936, plaintiff's street bond was still a lien on said property, and said E. W. Ulrich took said property by that sale and the subsequent deed aforesaid, subject to the lien of said bond."

We, therefore, see, as stated, that the judgment in that case created no lien. It merely declared in a quiet-title action that a lien existed. There can be no doubt, and appellant cites cases to show, that it required a separate action to foreclose this street lien which this judgment declared was on this property. Whatever statute of limitation is appropriate to such an action would apply, certainly if a judgment made the declaration that a party owned property subject to a mortgage, the mere fact of such declaration would not in any way change the statute of limitations which could be pleaded as a bar in an action to foreclose the mortgage. The respondent cites as authorities which support his position a series of cases of which *Burns* v. *Hiatt*, 149 Cal. 617 [87 P. 196, 117 Am.St. Rep. 157], is typical. This case holds that the grantee of the mortgagor, who took subject to the lien of the mortgage, can not maintain an action to quiet his title against the mortgagee nor recover the possession from him without paying or offering to pay the mortgage debt, notwithstanding it is barred by the statute of limitations. It is apparent that these cases do not support respondent's position at all. To be parallel to the instant case, these cases would have to hold that in an action to foreclose the mortgage in question, the statute of limitations could not have been set up as a bar. These cases make

no such holding nor is there any intimation that such is the case.

As his final point in his brief, respondent sets up Point IV, which reads as follows:

"Statutes of limitations are strictly construed against the pleader, and as the pleader here is seeking equity without offering to do equity, the construction of the court below should be affirmed."

The answer to that is that the appellant here is not seeking equity and is asking for no relief. All he is doing is pleading the statute of limitations and in so doing he is not required to offer to do equity. Inasmuch as the question of equity has been referred to, it may be noted that the respondent sought to recover and did recover in interest and penalties over and above the amount of the principal obligation of $174.22 upon which the suit was brought, the sum of $653.11.

Judgment is reversed.

Doran, Acting P. J., and White, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 19, 1948.