[Crim. No. 690.   Fourth Dist.   Oct. 24, 1950.]

THE PEOPLE, Respondent, v. STEVEN R. HERNANDEZ, Appellant.

James R. LeGallez and Chas. G. Potter for Appellant.

Fred N. Howser, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This appellant was convicted of rape, sex perversion and kidnaping under section 209 of the Penal Code, and was acquitted of the crime of robbery. He appeals from the judgment and from an order denying his motion for a new trial.

It is first contended that the evidence is insufficient to support the verdict on the charge of kidnaping under section 209, Penal Code. This appeal involves the facts stated in *People* v. *Hernandez*, No. 689, *ante*, p. 128 [223 P.2d 71], this day decided, and for the reasons there given this contention is without merit. The cases were tried together and the factual background need not be here repeated.

It is next contended that the court committed reversible error in denying appellant's motion that the jury panel be discharged on the ground ''that there were no prospective jurors of Mexican extraction on the panel.'' Nothing is pointed out except that such a motion was made and denied. No facts or circumstances appear in the record which would tend to support the contention made, or which would have supported or justified the granting of such a motion. The law does not require that members of a racial group of which the defendant is a member must be placed on a particular jury or jury panel. (*People* v. *Jackson*, 88 Cal.App.2d 747 [199 P.2d 322]; *People* v. *Hines*, 12 Cal.2d 535 [86 P.2d 92].) In the latter case, relied on by the appellant, it appeared without conflict that all individuals of the Negro race had been intentionally excluded from the jury and the jury panel regardless of their statutory qualifications. No such situation here appears and no showing was made as to any of the elements which are essential to such an attack upon the panel.

It is next contended that the court erred in failing to inform the jury that the offenses charged in the first and

second counts of the information (kidnaping under 209, and robbery) were connected in their commission, although this was alleged in the second count (robbery). Reference is made to the first instruction given in which the court reviewed the various charges as contained in the respective counts, which were to be considered by the jury. The only argument made is that if the jury had been instructed that these offenses were connected in their commission it could not have returned a verdict of kidnaping, other than under section 207 of the Penal Code. While the judge did not then state that these offenses were connected in their commission, the information had been twice read to the jury and this fact was abundantly disclosed by the evidence which disclosed one continuing course of conduct. The fact that these two offenses were alleged to be connected in their commission was well known to the jury, and the failure to repeat that fact on this one occasion could not have misled the jury, or have had the effect here claimed.

It is next contended that in two instances the court invaded the province of the jury by interpreting the testimony of a witness. ▌ In the first incident a witness had testified to seeing a fully dressed woman in the general vicinity where this crime occurred about 2 a. m. on the night in question, and an attempt was made to have the witness express the opinion that the woman thus seen was the complaining witness. During the attempt to lay the foundation for such an opinion the court remarked that you could not tell what time it was by looking at the back of a watch, and suggested that the witness be asked whether the woman's face had been seen. The witness then testified that the woman seen appeared to be similar in appearance and build to the complaining witness, but refused to say that she was the complaining witness. It was later rather conclusively shown that this woman was not the complaining witness. The judge assisted in bringing out the facts, but no improper interpretation appears. ▌ The other instance relates to a portion of the testimony of the complaining witness. In describing the various sexual acts forced upon her she at one time said ''they'' had done so-and-so. An objection was made that the witness should state exactly what was done by each defendant. The court then told the witness that when she said ''they'' it meant all of them, and that she should so indicate if that was not what she meant. The witness then said that they all took turns in certain acts, that each defendant did a certain thing, and again

said that "they" *said* certain things. In response to an objection the court said: "She said 'they' and that means each." The judge tried to save time by clarifying the matter in accordance with the answers already given by the witness, and there was no interpretation which interfered with the province of the jury; and no prejudicial error appears.

It is next urged that certain comments of the trial judge were prejudicial to this appellant. In the presence of the jury, shortly before the case was submitted to it, the judge made a statement in which he commended the lawyers for the way in which the case had been handled. He stated that despite the natural stress and strain in such a case, with eight lawyers involved, the lawyers had done a fine job and had not lost their tempers. He then particularly complimented the work of one of the lawyers for the defendants. He then complimented one of the attorneys for the prosecution for the restraint with which the case had been presented, and said that he appreciated the fact that the prosecution had not taken advantage of the situation by saying and doing things which might appear to be justified at the time but which might later be regretted. It is argued that these remarks were prejudicial in that they inferred that this was a horrible case which could have been made much blacker had not the prosecution restrained itself, and that the court thereby expressed his opinion that the defendants were guilty. These contentions are without merit. It may be conceded that it would have been better to have left the making of these remarks until after a verdict was returned. However, the commendation expressed was applied to both sides, and there was no comment on the truth or falsity of any of the evidence. No opinion of guilt or innocence was expressed. The jury was fully aware of the nature of the case, and no prejudice appears. It may be further observed that no objection or request for admonition to the jury to disregard the remarks was made, and such an objection should not be raised for the first time on appeal. (*People* v. *Wooley,* 15 Cal.App.2d 669 [59 P.2d 1065].)

It is next contended that the court erred in denying this appellant's motion for a new trial. It is argued that the appellant was entitled to a new trial, or in the alternative to have the verdict modified by finding him guilty of a lesser crime; that the trial court gave no consideration to a new trial and refused to himself weigh the evidence; that the motion was

denied by the court under the misapprehension that he was "without power to set aside or modify the verdict attacked regardless of how the court might interpret the evidence"; and that the judge stated that he was without power to grant the motion "unless the record is barren of evidence upon which such a verdict might be based." This argument is based upon a part of a lengthy statement made by the trial judge, which is taken out of its context and thereby given a meaning not intended. The statements attributed to the judge were made in the course of his remarks on the claim that it was necessary to consider the verdict on the robbery charge as conclusive on the kidnaping charge. It clearly appears from his remarks, as a whole, that he was merely saying that he was without power to do this upon the theory contended for by the defendant. It also clearly appears that the trial judge considered the evidence and exercised his own judgment in passing on the motion, although he recognized that a contrary point of view had been ably argued to the jury. It cannot be held that reversible error appears in this connection.

The judgment and order appealed from are affirmed.

Griffin, J., concurred.