[Crim. No. 842. Fourth Dist. Feb. 15, 1952.]

THE PEOPLE, Respondent, v. WALTER ROBERT WHITE, Appellant.

John R. Locke, Jr., and J. M. Lopes for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant was charged with, and entered a plea of guilty to, violating section 332 of the Vehicle Code in that he drove an automobile upon a public highway during a time when his privilege to do so was suspended by the Department of Motor Vehicles.

The recommendation of the probation officer was that probation be denied and that defendant be fined $300 or serve 90 days in jail. The judge denied his application for probation and sentenced him to 90 days in the Industrial Road Camp. Notice of appeal was filed on August 2, 1951.

On this appeal defendant endeavors to present two contentions: (1) that it appears from the probation officer's report that defendant was in an automobile accident in 1950; that he carried no liability or property damage insurance and was required under sections 410 et sequitur of the Vehicle Code (Financial Responsibility Law) to deposit security in the amount of $470 because of this accident; that he did not do so; that as a result of this fact his license to operate a motor vehicle was suspended or that it was surrendered to the department in January, 1951; and that accordingly, the imprisonment of defendant for driving an automobile while his license was suspended for the grounds stated, was in violation of article I, section 15, of the Constitution of California, in that it constituted imprisonment for nonpayment of a civil debt; (2) that the court abused its discretion in not granting probation under the circumstances related in the report of the probation officer.

As to the first proposition, counsel for defendant cites no cases in support of his argument. In many respects the constitutionality and validity of section 420 and other kindred sections of the Vehicle Code have been upheld in *Escobedo* v. *State of California*, 35 Cal.2d 870 [222 P.2d 1]. The authorities there cited help to fortify the defense of the attack here made. It was there held that the state, in the exercise of its police power, could constitutionally have required a deposit of security by owners of all vehicles as a condition to licensing them. The defendant's imprisonment here was not for debt nor for his failure to deposit security following the accident which caused him to be imprisoned, but rather, it was for his affirmative act in driving his automobile at a time when he was forbidden to do so. The situation is analogous to those cases in which persons, in order to carry on certain businesses and professions, have been required to pay license taxes, and have failed to do so. When such persons have been convicted of carrying on such businesses and professions without having paid the license tax, the courts have upheld the legality of imprisonment therefor against the contention that it would be unlawful imprisonment for debt. (*In re Johnson*, 47 Cal.App. 465, 467 [190 P. 852]; *In re Nowak*, 184 Cal. 701, 708 [195 P. 402]; *In re Diehl*, 8 Cal.App. 51, 55 [96 P. 98].)

The penalty here imposed was a punishment exacted as a means of deterring the defendant and others from the com-

mission of such delinquencies in the future, and was not an imprisonment for debt.

■ As to the second contention, defendant admits that the granting or denial of probation is a matter of discretion with the trial court in the light of all the circumstances of the case, but argues that there was such an abuse of discretion in the instant case as would warrant interference by this court on appeal. He cites *People* v. *Keylon,* 122 Cal.App. 408 [10 P.2d 86], and argues that since the probation officer's report shows no *felony* convictions of defendant, and that he had not been driving "as a flagrant and habitual violator of his license suspension," the policy of the law would have been better served by granting probation and requiring defendant as a condition thereof to post the required security; that these matters, as well as others, were not fully set forth in the report, and accordingly, the court did not have the opportunity of considering all of the factors involved.

The probation officer made a lengthy report on the subject matter. There is nothing in the record which indicates that the trial judge did not take into consideration the matters referred to by defendant. In addition to other facts obtained by investigation, it showed that defendant admitted being arrested for *misdemeanors* on at least 12 different occasions. No abuse of discretion appears in the court's action denying probation. (*People* v. *Payne,* 106 Cal.App. 609 [289 P. 909]; *People* v. *Russell,* 156 Cal. 450, 457 [105 P. 416]; *People* v. *Hopper,* 20 Cal.App.2d 108, 113 [66 P.2d 459]; *People* v. *Wooley,* 15 Cal.App.2d 669, 675 [59 P.2d 1065].)

The attempted appeal from the order denying probation is dismissed. (*People* v. *Brooks,* 140 Cal.App. 480 [35 P.2d 583].)

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.