[Crim. No. 5092.   Second Dist., Div. One.   Dec. 14, 1953.]

THE PEOPLE, Respondent, v. LOUIE C. ESCOBAR,
Appellant.

Cary G. Branch for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, defendant was charged in count I with the crime of burglary and in count II with the offense of forgery. He entered a plea of not guilty to both offenses charged against him. At the request of defendant the public defender was appointed as his counsel. Subsequently, defendant, with leave of court, withdrew his plea of not guilty and pleaded guilty to the offenses charged in both counts I and II. As to the offense of burglary charged in count I, the court found it to be of the second degree. Defendant was granted permission to file an application for probation. When the hearing on the application for probation and pronouncing of judgment and sentence came before the court, defendant's motion to substitute present counsel as his attorney in the place and stead of the public defender was granted. Probation was denied and defendant was sentenced to state prison on each count of the information, the sentences to run concurrently. From the judgment of conviction defendant prosecutes this appeal.

The record reflects that the aforesaid information was filed on December 31, 1952, and that thereafter defendant was arrested and charged with the crime of robbery, and the information charging the latter offense was transferred for

trial to the same department of the court in which the prior information was pending. At the time judgment was pronounced on the first information, the robbery charge remained undisposed of and was thereafter dismissed.

As his first ground for reversal, appellant contends that the court erred in not hearing and determining his application for probation, in failing to rule on said application and in failing to make an order with respect to such application for probation. It is appellant's contention that when an accused has made application for probation, the court must make two orders—one determining the defendant's application for probation, and secondly an order denying probation.

Section 1203 of the Penal Code provides in part: "At such time or times fixed by the court, the court must hear and determine such application, . . ."

In the instant case, the record discloses that the court did hear the application and there was considerable argument presented by respective counsel during such hearing. At the conclusion thereof, the court stated, "Well, probation is denied." We entertain no doubt that this amounted to a determination of the application.

". . . 'Determine' means to decide, to adjudge (*Edwards* v. *Hellings*, 99 Cal. 214 [33 Pac. 799]), to adjudicate (*Glenn* v. *Mitchell*, 71 Colo. 394 [207 Pac. 84]), to come to a decision, to decide on after investigation, to perform a judicial act, to settle by judicial sentence. (*Smith* v. *Board of Education*, 174 Ga. 735 [164 S.E. 41].) . . ." *Tracy* v. *MacIntyre*, 29 Cal.App.2d 145, 149 [84 P.2d 526]. "Language is but a means of conveying thought; the certainty of its meaning is but relative. If the language used in determining a motion is such as to identify with reasonable certainty the order which is made, such order, if otherwise tenable, will be given effect." (*Cox* v. *Tyrone Power Enterprises, Inc.*, 49 Cal.App.2d 383, 389 [121 P.2d 829].)

Equally without merit is appellant's contention that the court erred in failing and refusing to make a statement that it had considered the report of the probation officer.

In that regard, section 1203 of the Penal Code in part provides that after hearing and determining an application for probation, the court, in connection therewith, must "consider any report of the probation officer, and must make a statement that it has considered such report which must be filed with the clerk. . . ."

In the instant case it is conceded that the court did sign a statement that the report of the probation officer had been considered and that such statement was filed with the clerk. Such action was in all respects a compliance with the aforesaid code provisions.

Contrary to appellant's contention, the statute does not require that the statement of the court that it has considered the probation officer's report be made orally. Indeed, the requirement that it be "filed with the clerk of the court as a record in the case" immediately suggests a legislative intent that such statement by the court may be, as here, in writing, so that it might be filed as a record in the case.

It is next contended by appellant that the court erred in considering "as another count in the information, for the purposes of pronouncing judgment, a charge of robbery in another information which was then pending against him."

As heretofore pointed out, at the time judgments were pronounced in the case at bar there was pending in the same department of the court a charge of robbery against appellant, which was contained in another and separate information, to which last mentioned charge appellant had pleaded not guilty. The latter now urges that since no motion had been made to consolidate the cases, he was prejudiced by the court giving consideration to the robbery charge as another count of the information on which he was before the court for hearing upon an application for probation and for pronouncement of judgment and sentence.

The fact that an accused had previously been arrested on various criminal charges may be properly included in the probation officer's report, to be considered by the court. (*People* v. *Hopper*, 20 Cal.App.2d 108, 113 [66 P.2d 459]; *People* v. *White*, 109 Cal.App.2d 296, 298 [240 P.2d 728].)

While it is true that appellant was arrested for robbery subsequent to his apprehension upon the charges now engaging our attention, we fail to perceive wherein the reasoning applicable to giving mention in the probation officer's report of prior arrests is not equally applicable to arrests occurring subsequent to the apprehension of an accused on the charge pending before the court on hearing of an application for probation.

Furthermore, aside from mention of the robbery charge in the probation officer's report, it was the subject of discussion between counsel for the People and appellant at the

time the matter of probation on the burglary and forgery charges was before the court, and at which time the robbery case was on the same court calendar for disposition. The court was advised that as to the robbrey charge, appellant had pleaded not guilty, whereupon, the court stated that with reference to the application for probation on the burglary and forgery charges, insofar as the robbery charge was concerned, "I will assume he is innocent in the other case until he is proven guilty." Whatever may be said regarding the right of the court to consider the pending robbery charge in making its determination on the application for probation in the burglary and forgery matters, it is at once manifest that no showing has been made that the court did consider the robbery accusation to the prejudice of appellant.

The next assignment of error is that the court received statements of the deputy district attorney concerning the robbery with which appellant was charged, in connection with the pronouncement of sentence on the burglary and forgery charges.

At the hearing of the application for probation on the latter charges, appellant's attorney first made a statement to the court concerning the robbery charge when he said: "And in the second count, the defendant stated that he had an alibi, and our investigator in checking that, located four witnesses who placed the defendant definitely away from this scene at that time, at the time of the robbery. I do not wish to get into the merits of the matter, but I think certainly it is a proper background for the Court to consider where there is a robbery case pending and undisposed of, and where he has put in a plea. That is all I have to say as to the merits."

Thereupon, the deputy district attorney said, "I do not normally address the Court on matters of this kind, but with reference to counsel's statement on the robbery, the Court I am sure can sense the fact that by taking a plea to two separate felonies, we believe we gave the Court sufficient latitude to handle both matters. As to the robbery, where there may be an alibi produced, there was positive identification from not only the victim but from her husband."

Appellant's objection is aimed mainly at the last sentence of the remarks of the deputy district attorney, which, it is claimed, is a violation of Penal Code section 1204, which requires that all facts offered or received by the court in aggravation or mitigation of punishment must be presented

by the testimony of witnesses examined in open court or upon deposition.

No motion to strike the statement was made. And, if there was any impropriety involved therein, we are justified in assuming that the remarks complained of were invited by the assertion of appellant's counsel that he had four alibi witnesses for appellant on the robbery charge. (*People* v. *Smith*, 100 Cal.App. 344, 349 [279 P. 1022] ; *People* v. *Page*, 28 Cal.App.2d 642, 648 [83 P.2d 77].)

It is next urged by appellant that it was error for the probation officer to include in his report on the burglary and forgery charges information concerning the pending robbery charge. As we have heretofore pointed out, there was no impropriety in the action of the probation officer in setting forth in his report such information as he had concerning the robbery charge. And, that the court was not at all misled, to appellant's prejudice, by reference thereto in the report, is evidenced by the statement of the court heretofore adverted to that appellant would be considered innocent of the robbery charge until his guilt was proven. Appellant urges that if it was proper for the probation officer to include information relative to the robbery charge in his report, he should have made a more complete investigation of the facts surrounding it. That the report included just enough about the robbery to indicate that appellant was guilty thereof. If the latter believed the report insufficient or inadequate, he was entitled to present witnesses to testify in mitigation of his punishment at the time of the hearing on the probation application. (Pen. Code, § 1204.) This he did not do and cannot now be heard to complain. Also, as hereinbefore narrated, the statement of the court with reference to its consideration of the robbery charge in passing upon the application for probation on the burglary and forgery charges, completely negatives the assumption of any prejudice to appellant or his rights.

Finally, appellant predicates error and consequent prejudice because, as he asserts, the probation officer failed to make written recommendations as to the granting of probation to appellant, and as to the conditions of probation if it should be granted, contending that this was in violation of section 1203 of the Penal Code, which reads in part, that the probation officer must ". . . make a written report to the court of the facts found upon such investigation and must accompany said report with his written recommenda-

tions as to the granting or withholding of probation to the defendant and as to the conditions of probation if it shall be granted. . . ."

In his report, the probation officer recommended as follows: "However, in view of the Robbery charges now pending, it is believed that the court should be aware of the final decision of that case before disposition of the burglary and forgery charges. If he is found guilty of the pending robbery, probably more severe sentence should be imposed. For these reasons it is believed that the matter should be continued for further information which could possibly be finally disposed of at this hearing.

"RECOMMENDATION:

"It is respectfully recommended that matter be continued for further report."

At the first hearing on the application for probation, appellant's counsel addressed the court as follows: "But I note that in the evaluation the probation officer indicates this man would probably benefit from counseling under probationary supervision, but then raises the question about the unsettled robbery charge. If your Honor feels he could go ahead in this matter and go ahead in the light of the implied recommendation for probation I would be happy to proceed on that. But if your Honor feels the matter should be put over for a while, we can do that."

At no time thereafter did appellant suggest or ask that any supplementary report be filed, but proceeded with the hearing on the probation application as filed, without objection.

When appellant agreed to proceed on what he conceived to be an implied recommendation for probation, he waived any right he might have had to an express recommendation. If appellant's counsel felt that the recommendation was insufficient or not in full compliance with the statute, it was his duty to apprise the court thereof. If he "remains silent while the court does or allows an unauthorized act, he waives the right of reversal by reason thereof." (*People* v. *Lloyd,* 98 Cal.App.2d 305, 313 [220 P.2d 10].)

Finding no prejudicial error in the record, it is ordered that the judgments appealed from be, and each is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied December 21, 1953, and appellant's petition for a hearing by the Supreme Court was denied January 11, 1954.