[Crim. No. 7156.   In Bank.   May 14, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT LICHENS, Defendant and Appellant.

Halpin, Halpin & Leep and Ben Leep for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and Barry L. Bunshoft, Deputy Attorney General, for Plaintiff and Respondent.

McCOMB, J.—From a judgment of guilty of assault by means of force and violence likely to produce great bodily injury, predicated upon defendant's plea of guilty, he appeals.

Defendant applied for probation, and the matter was referred to the probation·officer, who made a report recommending probation. The trial court denied probation and sentenced defendant.

Defendant contends that the trial court, in considering probation, listened to, and was influenced by, hearsay evidence not contained in the probation officer's report and not presented at a judicial hearing.

This contention is devoid of merit. At the time defendant was sentenced the trial judge said: "I'm regarding him [defendant] as being eligible for probation and I'm denying probation and at this time I am preparing to sentence him, unless you have something further to say for the record."

It is further clear from the trial court's statements that matters outside the record did not serve as the basis for the order denying probation.

Trial judges often read newspapers, hear radio reports, or even overhear conversations or receive unwelcome letters containing statements relative to a case they are hearing; but if they are qualified for their office, they disregard all such statements insofar as evidentiary consideration is concerned.

The trial judge is as capable of disregarding these facts as he is of disregarding irrelevant evidence to which he has sustained objections, or has struck from the record, in a trial to the court without a jury.

The colloquy between the court and counsel demonstrates that probation was denied on the merits after the court's consideration of the probation officer's report and the record of the preliminary examination. Under such circumstances,

no abuse of discretion is made to appear in its denial of the probation report.

In *People* v. *Lopez,* 151 Cal.App.2d 121 [311 P.2d 11], it was contended that the trial court abused its discretion in refusing to consider the defendant's application for probation. At the probation hearing defense counsel indicated that he had read the probation report and considered it favorable. The court then said: "I do not grant probation to anybody that sells heroin, counsel, in spite of their recommendation. If they are going to peddle heroin, they run their own risk, as far as this Court is concerned. Probation is denied in this matter." The court, on appeal, gave great weight to a statement, signed by the trial court, at the end of the probation officer's report, that it had read and considered the report. The court said, at page 124, "The comment [made by the trial court at the probation hearing] did not mean that the trial judge did not properly exercise his discretion in ruling upon the application for probation." (See also *People* v. *Escobar,* 122 Cal. App.2d 15, 17 [1] et seq. [264 P.2d 571] [hearing denied by the Supreme Court].)

*People* v. *Giles,* 70 Cal.App.2d Supp. 872 [161 P.2d 623], relied on by defendant, presents a factual situation entirely different from the present case. In that case the trial court followed a course of conduct which was clearly unjust and prejudicial to the defendant and amounted to an abuse of discretion, stating that its purpose in the case was ". . . to try to rescue San Antonio Township and the City of Vernon from what most people seem to think is a bad situation." (P. 876.) The trial court read into the record unfavorable letters received concerning the defendant's character, and in addressing witnesses referred frequently to unfavorable remarks about the defendant heard outside the courtroom. The record indicates that the judge used the sentencing proceeding as a forum for his opinions on the city's government and police department.

In the present case, on the other hand, the trial court's single allusion to matters of knowledge outside the record concerning defendant's pattern of conduct was merely a brief introduction to his clear statement that his order to deny probation was based upon a weighing of the prosecutrix's testimony under oath against defendant's statement to the probation officer, both of which are matters in the record.

In *People* v. *Cartier,* 54 Cal.2d 300, 313 [9] [5 Cal.

Rptr. 573, 353 P.2d 53], this court said: "[W]here a judge's statements as a whole disclose a correct concept of the law and its application, no secondary remarks should be deemed to have impeached his determination." This rule clearly applies in the present case.

The judgment is affirmed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., and Tobriner, J., concurred.

Peek, J., did not participate.