[Crim. No. 10393. Second Dist., Div. Four. Jan. 19, 1966.]

## THE PEOPLE, Plaintiff and Respondent, v. ROY MAURICE BURKETT, Defendant and Appellant.

Grant E. Propper, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—In superior court case 288718 defendant was charged with three counts of burglary (Pen. Code, § 459) and one count of forgery (Pen. Code, § 470). The information also alleges that at the time of the commission of the forgery defendant was armed with a deadly weapon, and that he had previously been convicted of burglary, a felony. Defendant pleaded not guilty and denied the allegations as to the weapon and the prior conviction. Before trial he changed his plea on the forgery count to nolo contendere. At the same time he waived a jury trial on the issues as to the weapon and the prior conviction. The court found the allegation as to being armed not proved, and found the allegation of the prior conviction to be true. On July 30, 1964, defendant was sentenced to state prison. The burglary charges were then dismissed.

In superior court case 261263 defendant was charged with and found guilty of burglary; and on September 25, 1962, proceedings were suspended and probation was granted for two years. On July 30, 1964, when defendant was before the court for sentence on his forgery plea, the court revoked the probation granted in 1962 in case 261263 and sentenced defendant to state prison. The sentences in the two cases were ordered to run concurrently.

Defendant has now appealed from the judgment in each case. ▮▮▮ The sole point argued on this appeal is that the trial court, in pronouncing judgment, failed to state that it had considered the report of the probation officer, as is required by Penal Code section 1203.

The pertinent language of section 1203 is as follows: "At the time or times fixed by the court, the court must hear and determine such application, if one has been made, or in any case the suitability of probation in the particular case, and in connection therewith must consider any report of the probation officer, and must make a statement that it has considered such report which must be filed with the clerk of the court as a record in the case."

The reporter's transcript of the proceedings when defendant was sentenced indicates that the court had before it a probation report in case 261263 showing a violation of probation, but there was no oral statement by the court that it had

"considered" any report. At the request of the Attorney General the record on appeal has been augmented (under the authority of Cal. Rules of Court, rule 12(a)) by ordering the superior court file in each case transmitted to this court.

In case 288718 appears a probation report which contains both the probation officer's recommendation concerning that case and also his recommendation that probation be revoked in case 261263. At the end of the report is the endorsement "I have read and considered the foregoing report of the probation officer," which is followed by the signature of Judge Whyte.

In case 261263 is another report of the probation officer recommending revocation. At the end of that report is the handwritten endorsement "Read & Considered J. G. Whyte Judge."

In *People* v. *Escobar,* 122 Cal.App.2d 15 [264 P.2d 571] (hearing in S.Ct. den.), the court considered the point raised by defendant and disposed of it in the following language (at p. 18): "In the instant case it is conceded that the court did sign a statement that the report of the probation officer had been considered and that such statement was filed with the clerk. Such action was in all respects a compliance with the aforesaid code provisions.

"Contrary to appellant's contention, the statute does not require that the statement of the court that it has considered the probation officer's report be made orally. Indeed, the requirement that it be 'filed with the clerk of the court as a record in the case' immediately suggests a legislative intent that such statement by the court may be, as here, in writing, so that it might be filed as a record in the case."

We regard the *Escobar* decision as controlling here. *People* v. *Williams,* 223 Cal.App.2d 676, 680 [35 Cal.Rptr. 805], cited by defendant, is not in conflict with the *Escobar* decision. In *Williams* the judgment was reversed because there had been no statement by the trial court, either orally or in writing, that it had read or considered the probation report.

The judgments are affirmed.

Jefferson, J., and Kingsley, J. concurred.