[Civ. No. 2424. Third Appellate District.—February 23, 1922.]

CITY OF REDDING (a Municipal Corporation), Respondent, v. ERNEST DOZIER, Appellant.

[1] TAXATION—CITY OF SIXTH CLASS—RIGHT TO IMPOSE LICENSE TAX ON DOCTORS.—A city of the sixth class has the power to impose a license tax for the purpose of revenue for carrying on the business of physician and surgeon at a fixed place of business within its limits.

[2] ID. — ACTION TO RECOVER TAX — FIXED PLACE OF BUSINESS OF DEFENDANT—PLEADING—EVIDENCE.—In an action by a city of the sixth class to recover a license tax imposed upon a physician and surgeon, the defendant is not prejudiced by the failure of the complaint to allege that he has a "fixed" place of business within the city limits where the evidence shows conclusively that he has a fixed place of business.

APPEAL from a judgment of the Superior Court of Shasta County. H. D. Gregory, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

C. F. Kimball and Roscoe J. Anderson for Appellant.

W. D. Tillotson for Respondent.

FINCH, P. J.—Plaintiff was given judgment for ten dollars alleged to be due as a license tax imposed under an ordi-

nance adopted by plaintiff city. The principal question raised is whether the city has authority to impose the tax.

[1] The defendant is a physician and surgeon residing and practicing in the city of Redding and having his office at his place of residence. Redding is a city of the sixth class, incorporated as such in 1887 under the Municipal Corporations Act of 1883 (Stats. 1883, p. 93).

The ordinance is entitled, "An ordinance to license various classes of business, shows, exhibitions and games within the City of Redding for the purpose of revenue and regulation, and fixing the rates of license tax upon the same and providing for the collection of the same by suit or otherwise." Section 1 provides: "Every person, firm, association, co-partnership or corporation, who has a fixed place of business, and engages in, carries on, or conducts any business, exhibitions or games, described in this ordinance, within the City of Redding, shall pay a license therefor in the amount hereinafter specified. . . . " Section 2 provides: "Licenses to be paid as provided in the preceding section and the persons who shall be required to pay the same and the business upon which the same is to be paid respectively are the following, to wit: . . . 29. Lawyers, doctors and dentists, $5 per quarter."

Since the question raised seems to have been definitely settled in this state, it is deemed sufficient to call attention to the statutes and decisions on the subject. The ordinance in question was adopted March 1, 1920.

Section 862, subdivision 10, of the Municipal Corporations Act, as originally enacted, empowered the trustees of cities of the sixth class, "to license, for purposes of regulation and revenue, all and every kind of business authorized by law and transacted or carried on in such city or town; . . . to fix the rates of license tax upon the same, and to provide for the collection of the same by suit or otherwise."

In 1901 (Stats. 1901, p. 635) section 3366 of the Political Code was adopted, providing as follows: "Boards of Supervisors of the counties of the state, and the legislative bodies of the incorporated cities and towns therein, shall, in the exercise of their police powers, and for the purpose of regulation, as herein provided, and not otherwise, have power to license all and every kind of business not prohibited by law. . . . " In *City of Sonora* v. *Curtin,* 137 Cal. 583 [70 Pac.

674], it was held that subdivision 10 of section 862 of the Municipal Corporations Act "giving to the board of town trustees power to license for purposes of revenue is repealed by section 3366 of the Political Code."

In 1903 (Stats. 1903, p. 93) subdivision 10 of section 862 of the Municipal Corporations Act was amended by substituting the words "for the purpose of revenue and regulation" for the words "for the purposes of regulation and revenue" in the original enactment. In *Ex parte Jackson*, 143 Cal. 564 [77 Pac. 457], it was held that the amendment of 1903 repealed by implication the inconsistent provision of section 3366 of the Polical Code "so far as the application of such section to cities of the sixth class is concerned."

Section 3366 was amended in 1915 (Stats. 1915, p. 723) and again in 1917 (Stats. 1917, p. 279), both amendments containing the following provision: "This act shall not be deemed to repeal any act vesting municipal corporations with power to license for revenue purposes." In 1915 (Stats. 1915, p. 828) and also in 1917 (Stats. 1917, p. 1528) section 862 of the Municipal Corporations Act was amended, the amendment in each instance being approved at a later date than the approval of the amendment in the same year of section 3366. Both amendments of section 862 retained subdivision 10 thereof in the form adopted in 1903. It thus appears that the power of the trustees of a city of the sixth class to impose a license tax for the purpose of revenue has not been changed since the decision in *Ex parte Jackson, supra*, and that case is controlling here. Counsel for appellant contend that the decision in that case is based on an erroneous interpretation of the law, but no sufficient reason is advanced to support the contention.

In *Ex parte Johnson*, 47 Cal. App. 465 [190 Pac. 852], it was held that a city may impose a license tax for carrying on the business of a lawyer at a fixed place of business. In *Ex parte Galusha*, 184 Cal. 697 [195 Pac. 406], the supreme court reached the same conclusion. It must be held that the same rule applies to a physician and surgeon.

[2] The complaint alleges that the "defendant was and now is a doctor practicing medicine and having his office and principal place of business in the city of Redding." Appellant argues that the allegation as to place of business is not the equivalent of a "fixed place of business." The

criticism is hypercritical. The defendant testified that he has a large practice; that he receives patients at his residence and performs operations there; that he regularly keeps patients at his residence for treatment when they require close observation; that there is no room in his residence designated as an office, but that he treats his patients in the living-room; that he treats most of his patients at their homes. The foregoing evidence, coming from the defendant, conclusively shows that he has a fixed place of business and that the alleged defect in the complaint, if conceded to be a defect, could not have prejudiced the defendant's rights.

The judgment is affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 24, 1922.

All the Justices concurred.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.