[Civ. No. 4162.   Second Appellate District, Division One.—May 4, 1923.]

## A. OLIVIERI, Petitioner, v. POLICE COURT OF THE CITY OF BAKERSFIELD et al., Respondents.

[1] INTOXICATING LIQUORS—UNLAWFUL POSSESSION—VOID MUNICIPAL ORDINANCE.—A city ordinance making it unlawful to have intoxicating liquor in one's possession, and prescribing a greater penalty for such offense than that prescribed by the state law, is void.

[2] ID.—SUFFICIENT COMPLAINT UNDER STATE LAW—JURISDICTION—PROHIBITION.—A writ of prohibition will not issue to restrain a police court from proceeding with the trial of a defendant charged with unlawfully having intoxicating liquor in his possession, contrary to the provisions of a specified municipal ordinance, which is void, where the complaint in the action, although purporting to state an offense under the ordinance, does in fact state an offense under the state law and over which such police court has jurisdiction.

APPLICATION for a Writ of Prohibition to restrain a police court from trying petitioner on a charge of unlawful possession of intoxicating liquor.   Writ denied.

The facts are stated in the opinion of the court

Dorsey & Campbell and Irwin & Laird for Petitioner.

E. F. Brittan, M. G. Brittan, Tanner, Odell & Taft for Respondents.

W. D. McConnell and J. Friedlander, as *Amici Curiae.*

CURTIS, J.—A complaint was filed in the police court of the city of Bakersfield charging that the defendant on the twenty-fourth day of December, 1922, did willfully and unlawfully have, keep, and store intoxicating liquors in a certain building situated in said city of Bakersfield, without having a valid permit so to do, contrary to the provisions of section 6 of Ordinance No. 64 of said city, and contrary to the statutes of the state of California; that pursuant to said complaint and a warrant issued thereunder, petitioner was arraigned in said court and his trial upon said charge set for February 1, 1923. This proceeding is instituted for the purpose of securing a writ of prohibition, directed to the respondent, restraining him from proceeding with the trial of said action, and comes before us on a demurrer to the petition.

Petitioner bases his right to said writ upon the ground that the said Ordinance No. 64 of the city of Bakersfield is in conflict with the general laws of the state of California, that is to say, "The Wright Act," passed by the legislature of the state, and which became effective December 21, 1922, after its approval by the voters of the state (Stats. 1921, p. 79). In support of his argument against the validity of said ordinance, petitioner contends that the Wright Act covers the same matters and prohibits the same acts as are sought to be covered and prohibited by the ordinance in question; that the penalty prescribed by said ordinance for said offense fixes a greater punishment than is prescribed by the state law for the same offense; and, therefore, said ordinance is in violation of section 11, article XI, of the Constitution of the state.

Ordinance No. 64 is set forth in full in the petition and section 6 thereof reads as follows: "It shall be unlawful for any person to have, keep, or store any intoxicating liquor in any public or semi-public place in the said city, except as provided herein."

Said ordinance further provides as a penalty for its violation a fine of not less than $250 nor more than $500, or by imprisonment in the county jail for a period of not more than 180 days, or by both such fine and imprisonment.

Section 2 of the Wright Act provides: "All ts or omissions prohibited or declared unlawful by the eighteenth amendment to the Constitution of the United States, or by

the Volstead Act are hereby prohibited and declared unlawful; and violations thereof are subject to the penalties provided in the Volstead Act.''

Section 3 of title II of the Volstead Act (41 Stat. 308) reads as follows: ''No person shall, on or after the date when the Eighteenth Amendment to the Constitution of the United States goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor, except as authorized in this act,'' etc.

The Volstead Act fixes the punishment for possession of intoxicating liquors contrary to its provisions at a fine of not more than $500 for the first offense.

While the section of the Volstead Act as enacted by the Wright Act is not exactly in the same words as section 6 of the ordinance of the city of Bakersfield, we will assume for the purposes of this appeal that the same subject matter is covered by both the statute and the ordinance. Petitioner so maintains, and it is not seriously controverted by the respondent.

The question then arises: Is the ordinance in conflict with the state law and therefore rendered void by the provisions of article XI, section 11, of the constitution, which provides that police power is thereby delegated to cities to enact such regulations as are not in conflict with the general laws?

Much of the discussion by counsel in their briefs is obviated by a late decision of the supreme court, reported in 190 Cal. 769 [214 Pac. 850], and entitled *In the Matter of the Application of Arthur Mingo for a Writ of Habeas Corpus.* In that proceeding the supreme court had under consideration an ordinance of the county of Kings, adopted prior to the enactment of the Wright Act, making it unlawful to have intoxicating liquors in one's possession and prescribing a greater penalty for such offense than that prescribed by the Wright Act. The court called attention in that case to the difference in the penalty imposed by the act and that imposed by the ordinance. For the first offense under the Wright Act the penalty was a fine not exceeding $500. Under the ordinance the maximum penalty prescribed was a fine of $500 and imprisonment for ninety days. And the court held that an ordinance punishing exactly the same offense as is punishable under the state law, and with a greater penalty, is void.

[1]    The ordinance considered by the court in the last-named case is in all its essential features, so far as this proceeding is concerned, similar to the ordinance of the city of Bakersfield under consideration. And following the conclusions reached by the supreme court in that case we must hold that section 6 of the ordinance of the city of Bakersfield is void.

[2]    Were this the only question before us, it would be our plain duty to grant the writ as prayed for by petitioner and restrain the respondent from the trial of said action. But there is another feature of the case which, in our opinion, is worthy of attention and the correct consideration of which leads us to an entirely different action.

The nature of the proceeding in the Mingo case, *supra*, differed from that now before us. The Mingo case, *supra*, was an application for a writ of *habeas corpus* after the defendant had been convicted and after sentence of imprisonment had been imposed upon him, and while he was serving imprisonment under said sentence. The present proceeding, as we have already seen, is one in which the petitioner asks for a writ of prohibition against respondent, restraining him from the trial of said action, on the ground that the court has no jurisdiction of the subject matter of the action. In the Mingo case, *supra*, the court says: "The mere fact that the complaint alleged a violation of the county ordinance instead of the state law, would not render the judgment void in so far as the facts alleged and proved show a violation of the law (*Ex parte Murphy*, 185 Cal. 298 [212 Pac. 30] ; *Matter of Von Perhacs*, 190 Cal. 364 [212 Pac. 689] ) ; but in the case at bar the sentence of imprisonment was not authorized by the state law."

*In re Murphy, supra,* the petitioner sought to secure his release from custody after conviction for operating an automobile carelessly and recklessly on a public street. He had been charged with the violation of a certain ordinance of the city and county of San Francisco. It was held that the Motor Vehicle Act of the state (Stats. 1919, p. 191) covered the whole field of traffic regulation, that the ordinance in question sought to prohibit the same act as the Motor Vehicle Act had prohibited, and was in conflict with the statute and void, but that the prisoner was not entitled to his discharge on *habeas corpus* because of the invalidity

of said ordinance, where the complaint in said action recited an act forbidden by the Motor Vehicle Act, and the judgment of conviction was legal under the terms of said act. The complaint recited that the acts complained of were in violation of certain provisions of the ordinance. Nevertheless, the court held that while the complaint "was not in the exact language of the Motor Vehicle Act, it is in substance the same and could not have failed to inform the prisoner of the nature of his offense and it clearly recited an act forbidden by the Motor Vehicle Act."

That case goes further than it is necessary for us to go in the present proceeding. There, the petitioner had been convicted and was sentenced to imprisonment in the county jail. In our case, no judgment has been rendered. The petitioner has simply been charged with an offense and the respondent was proceeding to try him for the offense charged. Under the authority of *In re Murphy, supra,* the respondent may proceed to hold said trial, provided the complaint in said action, although purporting to state an offense under the ordinance, does in fact state an offense under the Wright Act, and this is so, even if the ordinance is void. When we compare the complaint with the provisions of the Volstead Act, which the Wright Act has made the law of this state, we are satisfied that it states an offense thereunder. In fact, the main contention of petitioner is that the offense set out in the complaint is prohibited both by the Wright Act and the ordinance. As hereinbefore indicated, we have agreed with him in this contention, and have held the ordinance void for the reason that it attempts to legislate upon the same matter covered by the statutes of the state. The complaint, however, still stands as a perfectly valid complaint under the Wright Act, and therefore the respondent, in whose court said complaint was made, has jurisdiction to proceed with the trial of the defendant for the offense charged.

It is suggested by petitioner that the offense stated in the complaint is in violation of section 21 of the Volstead Act, and that section 21 provides for a fine of not more than $1,000 or imprisonment of not more than one year, or both, and therefore, the respondent would have no jurisdiction of such a proceeding. Said section 21 provides that any room or building where intoxicating liquor is manufactured or

sold in violation of that act is a common nuisance and that any person who maintains the same is guilty of a misdemeanor, etc. In our opinion, by no reasonable construction of the complaint can it be held to state an offense under this section of the Volstead Act. We are, therefore, unable to agree with this last suggestion of the petitioner.

As stated before, the complaint in this proceeding states an offense under the Wright Act, and one within the jurisdiction of respondent.

The demurrer is sustained and petition denied.

Conrey, P. J., and Houser, J., concurred.