[Civ. No. 16329.   Second Dist., Div. One.   Sept. 28, 1948.]

ALAN FRANKLIN, Appellant, v. WALTER C. PETERSON, as City Clerk etc., et al., Respondents.

Alan Franklin, in pro. per., for Appellant.

Ray L. Chesebro, City Attorney, William H. Neal, Bourke Jones, Assistant City Attorneys, and Lester L. Nev, Deputy City Attorney, for Respondents.

WHITE, J.—This cause comes before us on an agreed statement on appeal (Rule 6, Rules on Appeal). It is a declaratory relief action wherein an attack is made upon the constitutionality of section 21.190 of the Los Angeles Municipal Code, being an amendment to article I, chapter 2 of said code. The section in question imposes a gross receipts tax upon persons engaged in various trades, callings, occupations, professions or other means of livelihood, in the sum of $12 per calendar year or fractional part thereof, for the first $12,000 or less of gross receipts, and in addition thereto the sum of one dollar per year for each additional $1,000 or fractional part thereof of gross receipts in excess of $12,000.

The case was tried upon a short stipulation of facts wherein it is set forth that plaintiff is an attorney at law duly admitted to practice in the State of California and is an active member of The State Bar of California. That he maintains an office in the city of Los Angeles, where at all times material to this action he has been actually engaged in the practice of law. The licensing ordinance in question, which is conceded to be for revenue purposes only, became effective May 27, 1946, and has continued in effect as amended up to and including the present. Plaintiff has refused to pay said business license

tax and brought this action to have the same declared void as to him and other members of the bar.

Following trial, judgment was rendered upholding the constitutionality, validity and enforceability of the aforesaid section 21.190 of the Municipal Code, and decreeing that "it was the duty of the plaintiff to obtain a license and pay the fee prescribed under said section for engaging in the practice of law in the City of Los Angeles during the calendar years 1946 and 1947." From such judgment plaintiff prosecutes this appeal.

■ Appellant first contends that the ordinance in question is indefinite, ambiguous, uncertain and invalid, in that its provisions are not limited to occupations carried on within the city of Los Angeles, but are broad enough to include occupations carried on entirely without the corporate limits of said city by persons who are not residents nor engaged in business within the city. It is true the ordinance does not specifically state that it applies only to persons engaged in business within the city limits, but it is manifest that an ordinance such as the one before us operates only within the territorial limits of the municipality and affects only those engaged in a business or profession within such limits. ■ It is the rule that where a statute or ordinance is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional, in whole or in part, the court will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety, or free from doubt as to its constitutionality, even though the other construction is equally reasonable. The rule is based on the presumption that the legislative body intended not to violate the Constitution, but to make a valid statute or ordinance within the scope of its constitutional powers. ■ Read in the light of this rule, the ordinance here in question must be held as intended to operate only upon those subject to the jurisdiction of the city of Los Angeles.

■ Furthermore, a court will ordinarily inquire into the constitutionality of a statute or ordinance only to the extent required by the case under consideration. In the case at bar the stipulated facts show that appellant maintains a law office within the city of Los Angeles and carries on his law practice there. The construction given the ordinance by appellant would not, therefore, work any injustice upon him or violate his rights. He is therefore confronted with the general rule that one cannot complain of a possible illegal application of

an ordinance if he himself is not a party thereby aggrieved. (*In re Nowak*, 184 Cal. 701, 709, 710 [195 P. 402]; *Miller* v. *Municipal Court*, 22 Cal.2d 818, 828 [142 P.2d 297].)

It is next contended that the city of Los Angeles has no legal authority whatever to impose a license tax for revenue purposes upon occupations, and particularly upon such professions as the law, medicine, or other professions or occupations which are licensed by the state, because no such city tax is authorized by the Constitution, the Legislature of the State of California, or by the charter of the city of Los Angeles.

There is nothing new or novel about the imposition of revenue taxes upon the business of practicing law. As far back as 1886, in *Royall* v. *Virginia*, 116 U.S. 572 [6 S.Ct. 510, 29 L.Ed. 735], a revenue tax on attorneys was sustained. Conceding that a license requirement cannot be imposed upon a lawyer, nor his business be regulated by ordinance, the tax provided for in the ordinance here under consideration is levied upon the business of practicing law, rather than upon a person because he is an attorney at law. A license to practice law does not carry with it exemption from taxation. Attorneys are not public officers, but are engaged in a private profession pursued primarily for pecuniary profit. It must therefore be held that the weight of authority in this country is to the effect that there is nothing which particularly exempts the attorney from bearing a just share of necessary public burdens, and that consequently he can claim no specific exemption from an occupation tax imposed for revenue purposes. (*In re Johnson*, 47 Cal.App. 465, 468 [190 P. 852]; *In re Galusha*, 184 Cal. 697, 698, 699, 700, 701 [195 P. 406]; *City of San Mateo* v. *Mullin*, 59 Cal.App.2d 652, 654 [139 P.2d ·351].) In the case of *In re Johnson, supra*, at page 649, it is said: "A lawyer's office makes certain demands upon the various fire, police, street, and other functions of a city, which differ from above classes only in quantity and not in quality. If the one should be required to assist in keeping up the revenues of a city, no reason is apparent why the other should not." In *Redding* v. *Dozier*, 56 Cal.App. 590 [206 P. 465], an occupational license tax on physicians was sustained.

We entertain no doubt that a state license issued to a lawyer authorizing him to practice his profession is not a bar to the right of a municipality to impose a license tax upon attorneys who conduct within a city the business of practicing law.

The Los Angeles ordinance does not attempt to regulate the professions, businesses or occupations which are subject to the tax. It provides only for a license for revenue purposes, and is not a regulatory measure affecting the business or profession so taxed.

We come now to a consideration of appellant's contention that respondent city was without power to levy a business tax for revenue purposes. The claim is without merit. The city of Los Angeles has taken advantage of the privilege of legislative autonomy extended by the provisions of sections 6 and 8 of article XI of the California Constitution. Since the amendment of section 6 of article XI in 1914, the requirement that the state must specifically grant powers to the municipality has been eliminated. From the effective date of the amendment, city charters have been recognized as limitations, rather than grants, of powers as to municipal affairs. Those powers concerning purely municipal affairs are conferred directly by section 6 of article XI of the state Constitution, which grants to chartered cities authority ". . . to make and enforce all laws and regulations in respect to municipal affairs, subject only to the restrictions and limitations provided in their several charters, . . . ."

That taxation for municipal purposes is a municipal affair and that the power to levy such a tax stems directly from the Constitution is no longer open to question. As was said in *West Coast Adver. Co.* v. *City of San Francisco,* 14 Cal.2d 516, 524 [95 P.2d 138], "No doubt is entertained upon the proposition that the levy by a municipality for revenue purposes, including license taxes, is strictly a municipal affair. (Citing cases.) . . . As such a municipal affair it must be deemed to have been included within the special grant and privilege tendered by the constitutional amendment in 1914 and later accepted by the city." The city of Los Angeles has availed itself of the municipal affairs provision of our state Constitution, and is therefore empowered to act thereunder. (*Dept. of Water & Power* v. *Inyo Chemical Co.,* 16 Cal.2d 744, 753 [108 P.2d 410].)

In the case of *West Coast Adver. Co.* v. *City of San Francisco, supra,* at page 521, our Supreme Court declared:

"It is now established by a line of decisions of the courts of this state that a city which has availed itself of the provisions of the Constitution as amended in 1914 has full control over its municipal affairs unaffected by general laws on the same subject-matters, and that it has such control whether or not

its charter specifically provides for the particular power sought to be exercised, so long as the power is exercised within the limitations or restrictions placed in the charter. (Citing cases.) . . . As stated in *In re Galusha,* 184 Cal. 697, at page 700 [195 P. 406], 'The question, then, is not whether the charter grants the power to impose the tax, but whether it prohibits the tax, . . . .' Also in *In re Nowak,* 184 Cal. 701, 704 [195 P. 402], it was said: 'The net result . . . is that, as to municipal affairs, the charter, instead of being a grant of power, is, in effect, a limitation of powers, and, the imposition of the tax for revenue purposes being strictly a municipal affair, the city has the power to impose that tax unless the power was taken from it by the charter itself. (Citing cases.)' ''

It therefore follows that the imposition of the tax here in question for revenue purposes being strictly a municipal affair, the municipality possessed the power to impose that tax unless such power was taken from it by the charter itself.

An examination of the charter of the city of Los Angeles discloses no limitations whatever upon the right of the city to raise revenue for municipal purposes. On the contrary, such power is specifically provided for in section 2 (subd. 11) of article I, as follows: ''Among the rights and powers which may be exercised by the City of Los Angeles, are the following, this enumeration being a partial enumeration and in no sense a restriction or limitation upon the rights and powers of the city: . . . (d) to assess, levy, collect and enforce taxes; (e) to license and regulate, under general and uniform laws, any lawful business or calling, and to impose other license fees; . . . .''

The charter containing no limitations or restrictions upon the power of the city of Los Angeles to levy taxes for revenue purposes, it follows that the municipality is vested with power to levy business license taxes for municipal purposes, including a tax upon the business of practicing law.

■ Appellant's next contention, that the ordinance in question is invalid because it is an income tax, must be rejected. A long line of decisions rendered in this state has sustained the validity of gross receipts taxes, and furthermore a gross receipts occupation tax is not an income tax. (*Philadelphia etc. Mail S. S. Co.* v. *Pennsylvania,* 122 U.S. 326 [7 S.Ct. 1118, 30 L.Ed. 1200].)

■ Appellant cites no authority to support his contention that the minimum fee of $12 fixed by the ordinance renders the

tax discriminatory, unreasonable and unjust, nor is there any evidence in the record that appellant's gross receipts from the practice of law are less than $12,000 annually, thereby entitling him to complain. The fixing of a minimum fee·under a tax ordinance does no violence to California decisions, which have been uniformly adverse to the contention of appellant herein. (*In re Nowak, supra*, p. 709; *City of Los Angeles* v. *Los Angeles etc. Co.*, 152 Cal. 765, 768 [93 P. 1006].) We find no decision in this state directly holding that a minimum license tax imposed upon all persons whose business produces an annual income up to a certain amount is an unreasonable discrimination. The ordinance here in question operates uniformly on the class to which it applies and makes no exceptions in favor of or against any one carrying on the business taxed. The fact that there is a difference between the volume of business done by the respective persons engaged therein who are required to pay the minimum tax is not, as was said in *City of Los Angeles* v. *Los Angeles etc. Co., supra*, at page 769, ". . . evidence of such a discrimination . . . as to make the ordinance void."

Appellant's claim that an attorney maintaining an office and doing business outside the Los Angeles city limits, who comes to Los Angeles for one day to try a case, would be guilty of a misdemeanor unless he first paid the tax, is untenable. The tax is levied upon the business of practicing law within the corporate limits of the city of Los Angeles. It is therefore the business or occupation, and not an act which is merely incidental thereto, which is subject to the tax. The distinction between a single act and the business in which the act is done is very marked and well recognized. The ordinance must be held, therefore, to impose a tax upon the doing of business within the city of Los Angeles and not upon a single act which is but an incident to the business maintained, transacted and carried on outside the corporate boundaries of the municipality. (*Matter of Application of Smith*, 33 Cal.App. 161, 163 [164 P. 618].).

The tax being valid, the judgment must be affirmed. It is so ordered.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 22, 1948. Schauer, J., voted for a hearing.