[L. A. No. 25283. In Bank. Feb. 2, 1959.]

R. W. AGNEW, Respondent, v. CITY OF CULVER CITY et al., Appellants.

M. Tellefson, City Attorney, for Appellants.

R. W. Agnew, in pro. per., for Respondent.

McCOMB, J.—This cause was transferred to this court after decision by the District Court of Appeal, Second Appellate District, Division Three. Upon further examination of the record, we adopt the opinion of that court prepared by Mr. Justice Vallée, with such omissions as hereinafter appear, as and for the decision of this court. As modified, it reads:

Plaintiff brought this suit for declaratory relief to determine the validity of certain ordinances of defendant city.

The cause was tried and judgment rendered that Ordinance 49 of Culver City, as amended by Ordinance 250, is invalid and unenforceable against plaintiff insofar as it provides for the enforcement of the provisions of the ordinance by criminal process. On appeal the judgment, to the extent that it adjudged that Ordinance 49, as amended by Ordinance 250, was invalid and unenforceable against plaintiff insofar as it provided for the enforcement of the provisions of the ordinance by criminal process, was affirmed. In other respects the judgment was reversed with directions to the superior court to amend its findings of fact and conclusions of law. (*Agnew* v. *City of Culver City,* 147 Cal.App.2d 144 [304 P.2d 788].)

The superior court amended its findings of fact pursuant to the directions; and rendered judgment that "plaintiff, as a duly State-licensed electrical contractor, is entitled to contract anywhere in the State to do electrical work authorized by said General State License, without applying for or obtaining any license or permit from any municipality, except such licenses or permits as may be required by public agencies with respect to the quality, safety and character of electrical installations, and except such other licenses as may be required by public agencies requiring payment of license fees for revenue purposes only, under duly and legally adopted Ordinances enforceable by civil process only, which tax may, however, be increased by way of penalty of a percentage thereof for failure to pay the same as required by said Ordinances"; and "That Ordinance No. CS-49, as amended by Ordinance No. CS-250, is invalid and unenforceable against plaintiff insofar as it provides for the enforcement of the provisions of said Ordinance by criminal process."

Defendants appeal from the part of the judgment reading, "except such other licenses as may be required by public agencies requiring payment of license fees for revenue purposes only, under duly and legally adopted Ordinances enforceable by civil process only," and "That Ordinance No. CS-49, as amended by Ordinance No. CS-250, is invalid and unenforceable against plaintiff insofar as it provides for the enforcement of the provisions of said Ordinance by criminal process."

The contentions are that the penal provisions of a business license ordinance, and particularly Ordinance 49 as amended by Ordinance 250, are not invalid and do not invalidate the ordinance in imposing an additional burden on plaintiff in carrying on his work as a licensed contractor; and that the

penal provisions of a business license ordinance, and particularly Ordinance 49 as amended by Ordinance 250, do not invalidate the ordinance as requiring imprisonment for a debt in violation of section 15, article I, of the Constitution.

Plaintiff is an electrical contractor licensed by the Contractors' State License Board under section 7000 et seq. of the Business and Professions Code. He applied to the proper official for a permit authorizing him to do electrical work within Culver City at a designated address. He was informed it would be necessary for him to pay a license fee of $100 under Ordinance 49 and to obtain from the business license collector a business license to do work as an electrical contractor in the city. Plaintiff refused to pay the fee and to obtain the license on the ground his state license as an electrical contractor authorized him to do work as such in Culver City without conforming to any local ordinances requiring a license or the payment of a fee.

Ordinance 49, as amended by Ordinance 250, makes it unlawful for any person to commence or carry on any business specified in the ordinance without first having paid the required license fee and having procured a license certificate so to do from the city and without obtaining the permit, certificate of compliance, or other instrument required by the ordinance. The license fee required was $50 a year or part thereof from *local* and $100 a year or part thereof from *itinerant* electricians and electrical contractors. The amount of the license fee is made a debt to Culver City. Violation of any provision of the ordinance is a misdemeanor. On payment of the required fee it is made the duty of the license collector to issue a license certificate.

On the former appeal it was expressly held that Ordinance 49, as amended by Ordinance 250, is invalid and unenforceable against plaintiff insofar as it provides for the enforcement of its provisions by criminal process, and that the fee required was for regulation and not revenue purposes.

In the recent case of *Agnew* v. *City of Los Angeles, ante,* p. 1 [330 P.2d 385], the Supreme Court held that a section of the Electrical Code of the City of Los Angeles which provided that ''In order to obtain a license tax registration certificate number, the contractor must pay the city clerk a fee based on the amount of his gross receipts'' and made it a misdemeanor for an electrical contractor to install wiring without a permit from the Department of Building and Safety of the city was invalid for the reason that it was in conflict with the Contractors' License Act (Bus. & Prof. Code, §§ 7000-

7145) which has preempted the field of regulating contractors.

The license fee required by the Culver City ordinance is of the same character as that held invalid in *Agnew* v. *City of Los Angeles, ante,* p. 1 [330 P.2d 385]. ▮ As said on the prior appeal in this case, it limits the right of a contractor holding a state license to contract in Culver City unless he pays the city the prescribed fee and obtains a permit from the city; the requirement for the payment of a fee and the obtaining of a permit nullifies the permission given a contractor by the general law to conduct his business at any place in the state. And in the Los Angeles case it is said (p. 6) :

"The only material difference between the ordinance held invalid in *Agnew* v. *City of Culver City, supra* [147 Cal. App.2d 144], and the ordinance here involved is that the former imposed a fee of $100, while in the instant case the fee varies according to the amount of the contractor's gross receipts, the minimum being $12."

We hold that the penal provisions of Ordinance 49, as amended by Ordinance 250, are invalid. *Agnew* v. *City of Culver City,* 147 Cal.App.2d 144 [304 P.2d 788], constitutes the law of the case. (*Katemis* v. *Westerlind,* 142 Cal.App.2d 799, 805-806 [299 P.2d 383] ; *Hard* v. *Hollywood Turf Club,* 134 Cal.App.2d 174, 178-179 [285 P.2d 321] ; *Stock* v. *Meek,* 114 Cal.App.2d 584, 586 [250 P.2d 622].) Furthermore, the holding in *Agnew* v. *City of Los Angeles, ante,* p. 1 [330 P.2d 385], is conclusive on the question. ▮ As said in that case (p. 7) :

"Of course, as contended by defendants, a municipality may tax electrical contractors, as other trades, professions and businesses are taxed. The fees in the present case, however, are exacted not as a business tax but as the price of a license that the city cannot require."

Defendants' contention that the penal provisions of Ordinance 49, as amended by Ordinance 250, are not invalid, cannot be sustained. [ ]*

The judgment is affirmed.

Gibson, C. J., Carter, J., Traynor, J., and Schauer, J., concurred.

Appellants' petition for a rehearing was denied March 4, 1959.

---

*[ ] Brackets together in this manner are used to indicate deletions from the opinion of the District Court of Appeal.

of it to public use, confining the use to such territory as he sees fit.