[Crim. No. 6598.    In Bank.    May 13, 1960.]

In re WILLIAM EDMUND GROVES, on Habeas Corpus.

William O. Burt for Petitioner.

Jerome J. Bunker, City Attorney (Palm Springs), for Respondent.

TRAYNOR, J.—By petition for a writ of habeas corpus petitioner challenges his conviction of engaging in business in the city of Palm Springs without a license as required by the Palm Springs Ordinance Code. We issued an order to show cause directed to the Chief of Police of Palm Springs and ordered petitioner released on his own recognizance.

Petitioner secured a state license to operate a "milk products plant" in Palm Springs for the manufacture and sale at retail of ice cream products. (Agr. Code, §§ 660-661.) He contends that the state statutes establish a complete system for the licensing and regulation of his business and that the city cannot therefore require him to secure an additional license to conduct that business. The city contends that the state statutes have not occupied the field of regulation of businesses such as petitioner's and that in any event its licensing ordinance does not conflict with state regulatory laws, since as applied to petitioner, the ordinance requires a business license for revenue only.

Chapters 21 and 22 of the Palm Springs Business License Ordinance (division 2 of the Palm Springs Ordinance Code) provide for the licensing of businesses and the payment of business license fees by those engaged in business in the city.

Section 2111 of chapter 21 provides that "It is unlawful for any person (whether as owner, manager, principal, agent, clerk, employee, officer or lessee, either for himself or for any other person, or for any body corporate, or as an officer of any corporation, or otherwise) to commence, manage, engage in, conduct or carry on any business, vocation, profession, calling, show, exhibition or game, in Chapters 21 and 22 specified, in this City, without first having procured a license from the City of Palm Springs to do so or without first complying with any and all regulations for such business, vocation, profession, calling, show, exhibition or game contained in Chapters 21 and 22." Section 2131 provides that no person shall be licensed to carry on an activity requiring a state license unless he has such a license, section 2133 provides that no person shall be licensed to carry on an activity requiring a permit under some other city ordinance unless he has secured such a permit, and section 2135 provides that no person shall be licensed to carry on an activity at a place where the activity is prohibited by a zoning ordinance. Other provisions of chapter 21 set forth the conditions on which the city council may issue special permits for activities requiring such permits, additional regulations applicable to peddlers and solicitors, and remedies for enforcement of the licensing ordinance including the collection of the business license fees set forth in chapter 22. The fee applicable to petitioner's business is $100 per year.

Although the ordinance provides generally both for the regulation of the businesses involved and the collection of revenue by business license fees, it has been invoked specifically against petitioner solely for revenue purposes. Other than the requirements with respect to state licenses and zoning, which are not here involved, the ordinance contains no provisions regulating the conduct of plaintiff's business.

■ Whether or not state law has occupied the field of regulation, cities may tax businesses carried on within their boundaries and enforce such taxes by requiring business licenses for revenue and by criminal penalties. (Gov. Code, § 37101; *In re Galusha,* 184 Cal. 697, 699 [195 P. 406] ; *Franklin* v. *Peterson,* 87 Cal.App.2d 727, 731 [197 P.2d 788] ; *City of San Mateo* v. *Mullin,* 59 Cal.App.2d 652, 654 [139 P.2d

351]; *In re Johnson,* 47 Cal.App. 465, 468 [190 P. 852]; see also *Ainsworth* v. *Bryant,* 34 Cal.2d 465, 476-477 [211 P.2d 564]; *Horwith* v. *City of Fresno,* 74 Cal.App.2d 443, 445 [168 P.2d 767].) This court stated the applicable law when it discharged a writ of habeas corpus sought by an attorney who had been arrested for carrying on the practice of law in the city of Los Angeles without paying the license tax imposed by a city ordinance. ▮ "As in the case of other professions or businesses which can be taxed by the state, the cases hold that the state can delegate to a municipality the power to impose a tax for the privilege of following the practice of the profession within the jurisdiction of the municipality. [Citations.] The imposition of an occupational tax by a municipality upon those engaged in the practice of the legal profession is not an interference with state affairs. The mere compliance with certain prerequisites, in return for which a license to practice law is granted by the state, does not place a person beyond the range of additional regulation of the conditions upon which the license may be used. The municipality, in imposing an occupational tax upon attorneys, is not interfering with state regulations, for it is not attempting to prescribe qualifications for attorneys different from or additional to those prescribed by the state. It is merely providing for an increase in its revenue by imposing a tax upon those who, by pursuing their profession within its limits, are deriving benefits from the advantages especially afforded by the city. The tax is levied upon the *business* of practicing law, rather than upon a person because he is an attorney at law. [Citation.] A license to practice does not carry with it exemptions from taxation." (*In re Galusha, supra.*)

Petitioner contends, however, citing *Agnew* v. *City of Los Angeles,* 51 Cal.2d 1 [330 P.2d 385], *Agnew* v. *City of Culver City,* 51 Cal.2d 474 [334 P.2d 571], and *Agnew* v. *City of Culver City,* 147 Cal.App.2d 144 [304 P.2d 788], that city business taxes may not be enforced against persons licensed under state law by requiring them to secure business licenses or suffer criminal penalties. In the Agnew cases the license fees were not imposed solely for revenue purposes but as an inseparable part of a regulatory scheme excluded by state law. (See also *Agnew* v. *City of Los Angeles,* 110 Cal.App.2d 612, 619-623 [243 P.2d 73]; *Lynch* v. *City of Los Angeles,* 114 Cal.App.2d 115, 118-120 [249 P.2d 856]; *City & County of San Francisco* v. *Boss,* 83 Cal.App.2d 445, 452 [189 P.2d 32].)

▮ In the present case, however, the city seeks to enforce

its licensing ordinance against petitioner for revenue only, and as the Agnew cases expressly recognized, such taxation is not excluded because the state has occupied the field of regulation. (51 Cal.2d 1, 7 [330 P.2d 385]; 51 Cal.2d 474, 477 [334 P.2d 571]; 147 Cal.App.2d 144, 149 [304 P.2d 788].)

Petitioner contends, however, that by express provision the ordinance excludes criminal enforcement against him. Section 2132.1 provides that ''The criminal penalties provided for by this Code shall not be applied to businesses or professions requiring a State license as a condition precedent to doing business in the City, nor as a method of obtaining collection of the license fees.'' This provision was added to the ordinance in 1959 following the decisions of this court in the Agnew cases to make ''it clear that the business fees imposed are for revenue only and clearly collectible within the meaning of the decisions of the Supreme Court of this State.'' (Palm Springs Ordinance No. 444.) Although section 2132.1 precludes the application of the criminal penalties provided by the Palm Springs Ordinance Code, it does not make lawful the carrying on of a business without a license, dispense with the obligation to secure a license (Business License Ordinance, § 2111, *supra*), or exclude the application of the state criminal penalty for carrying on a business without a license required by law.

Section 16240 of the Business and Professions Code provides that ''Every person who commences or carries on any business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any law of this State, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor.'' The Legislature added this section to the Business and Professions Code in 1941 at which time it repealed the identical provisions of section 435 of the Penal Code. At that time it was settled that a city ordinance was a law of this state within the meaning of section 435. (*Teachout* v. *Bogy,* 175 Cal. 481, 484-485 [166 P. 319]; *Ex parte Bagshaw,* 152 Cal. 701, 703 [93 P. 864]; *In re Johnson, supra,* 47 Cal.App. 465, 467; see also *County of Plumas* v. *Wheeler,* 149 Cal. 758, 768 [87 P. 909]; *Ex parte Stephen,* 114 Cal. 278, 282 [46 P. 86].) By transferring the statute from the Penal Code to the Business and Professions Code the Legislature did not change the meaning of its terms. (Bus. & Prof. Code, § 2.)

Petitioner was charged with the misdemeanor of operating his business ''without having first secured a business

license as required by Section 2111 of Division 2 of the 'Palm Springs Ordinance Code.' " These allegations state the precise facts made a misdemeanor by section 16240 of the Business and Professions Code. Petitioner was therefore fully informed of the charges against him and in no way prejudiced by the failure of the complaint to cite section 16240. Under these circumstances failure to cite this section in the complaint is not grounds for setting aside the judgment on habeas corpus. As stated in *In re Mingo*, 190 Cal. 769, 771 [214 P. 850], "The mere fact that the complaint alleged a violation of the county ordinance instead of the state law would not render the judgment void in so far as the facts alleged and proved showed a violation of the state law. . . ." (See also *In re Murphy*, 190 Cal. 286, 291-293 [212 P. 30]; *Ex parte Stephen, supra*, 114 Cal. 278, 283; *Ex parte Taylor*, 87 Cal. 91, 95 [25 P. 258]; *In re Jingles*, 27 Cal.2d 496, 499 [165 P.2d 12]; *In re Simmons*, 199 Cal. 590, 595 [250 P. 684]; *Olivieri* v. *Police Court of Bakersfield*, 62 Cal.App. 91, 94-95 [216 P. 44].)

Petitioner contends that it is a denial of equal protection of the laws to enforce the criminal penalties of the city ordinance against those not required to have state licenses but not to enforce such penalties against those required to have such licenses. The penalties of the ordinance have not been invoked against petitioner in this case, however, and section 16240 of the Business and Professions Code, which he violated, applies equally to all persons required to have licenses.

Since petitioner's attack on the judgment cannot prevail, no purpose would be served by considering other questions raised in the return to the order to show cause or the technical objections to the form of the return raised in petitioner's motion to strike it.

The motion to strike the return is denied. The order to show cause is discharged, the petition for a writ of habeas corpus is denied, and petitioner is remanded to custody.

Gibson, C. J., Peters, J., White, J., and Dooling, J. pro tem.,* concurred.

SCHAUER, J., Dissenting.—I agree that under existing law the city may properly impose a tax for revenue purposes upon the business of petitioner. Such tax creates a civil debt due from petitioner to the city. Whether the city may properly enforce collection of that debt by penal sanction through an

*Assigned by Chairman of Judicial Council.

ordinance appropriate to that end is not an issue now before us.

I do not agree that on the record which is before us petitioner's conviction can be sustained *on the theory invoked by the majority*. According to the petition and the return the charge on which petitioner was brought to trial is as follows: ''That the Crime of Misdemeanor, to-wit, Violation of Section 2111 of Division 2 of the 'Palm Springs Ordinance Code,' has been committed by the above-named defendant as follows: That said defendant on or about the 13th day of November, 1959, operated an ice cream emporium known as the 'Pink Palace,' at 182 South Indian Ave in the said City of Palm Springs, without having first secured a business license as required by Section 2111 of Division 2 of the 'Palm Springs Ordinance Code.' ''

Mere reading of the above quoted charge from the complaint discloses that the only crime charged is ''the Crime of Misdemeanor, to-wit, Violation of Section 2111 of Division 2 of the 'Palm Springs Ordinance Code.' '' But the majority, while admitting as they must that section 2132.1 of the Palm Springs Ordinance Code provides that ''The criminal penalties provided for by this Code shall not be applied to businesses . . . requiring a State license . . . nor as a method of obtaining collection of the license fees,'' seek to circumvent the city's proscription of penal sanction by invoking section 16240 of the state's Business and Professions Code. That state law provides that ''Every person who commences or carries on any business . . . for the transaction or carrying on of which a license is required by any *law of this State,* without . . . procuring the license prescribed by *such law,* is guilty of a misdemeanor.''

To support this ingenious theory the majority say that ''A city ordinance is a 'law of this State' within the meaning of this section'' and remand petitioner to custody.

Two obstacles preclude my concurrence: 1. As hereinabove shown the petitioner has been charged solely with ''Violation of Section 2111 of Division 2 of the 'Palm Springs Ordinance Code' '' and he has never (at least not in any relevant proceeding) been charged with, or brought to trial for, violation of Business and Professions Code, section 16240.

2. Whether petitioner could, on the facts shown by the petition and return, be successfully charged with, tried on, and convicted for, violation of Business and Professions Code, section 16240, is something which probably no court should

assume to determine without the full procedures essential to a fair trial on such charge having been had. In any event it appears here that petitioner will be denied due process if he is remanded on the theory of the majority.

In the petition it is alleged, and in the return is not denied, "That this petitioner is licensed by the State of California, Department of Agriculture as a manufacturer of ice cream produces, License No. 13086, Factory No. 4825, File No. 447861 18 LMA. That the factory premises are at the complained of place of business at 182 South Indian Avenue in the City of Palm Springs, California." Petitioner further alleges "that he is under the rule of *Agnew* vs. *Culver City,* as set forth in the original Petition herein, so that he is being deprived of his property without 'due process of law,' as set forth hereinabove" and "that he is duly licensed by the State of California, Department of Agriculture under Code 661, as a licensed manufacturer and purveyor of milk and ice cream products."

Examination of California's state Agricultural Code, Division IV, discloses an elaborate and detailed code of laws governing the production, processing, manufacturing and marketing of "Milk and Dairy Products," which encompasses the business petitioner commenced in Palm Springs. The state code requires, among other things, the procurement of licenses or permits for various operations including the business in which petitioner was engaged, and prescribes penalties for violations of the requirements. Likewise, examination of the Business and Professions Code reveals more than *16 pages of index* devoted to the one word *"Licenses"* in relation to "any business, trade, profession, or calling, for the transaction or carrying on of which a license is required by any law of this State," and in respect to which section 16240 provides that "Every person who commences or carries on any [such activity] . . . without taking out or procuring the license prescribed by *such law,* is guilty of a misdemeanor." (Italics added.) Petitioner's undenied possession of the above described "license prescribed by such law" would appear to constitute a prima facie (if not conclusive) defense to a charge of violating "such law."

If it is not altogether clear that section 16240 in its use of the words "required by any law of this State" means just what it says—a law of this state and not an ordinance of a city—the question is at least substantial enough to entitle a defendant to a hearing and a fair trial on a pleading charging

him with violation of the identified law before convicting and remanding him.

In connection with the proper construction of section 16240 it of course should be noted that such section appears in chapter 3, part 1, division VII of the Business and Professions Code. Chapter 3 includes the subheadings of "Definitions" (art. 1), "Actions" (art. 2) and "Penalties" (art. 3). Reference to articles 1 and 2 shows that they are concerned exclusively with state and not county or city laws. For example, section 16204 declares that " 'Officer' includes director, chief, commissioner, chairman, department, division, bureau, commission, board and any other person, officer or employee, and any agency, of or in the Government of this State." (Consistently, if the majority's view is correct, the above quoted language should be deemed to include "mayor, councilman, city police officer, city treasurer," etc.) Section 16201 says that " 'Fee' includes every tax, fee, *penalty* and other monetary exaction, and interest and costs in connection therewith, imposed or collected in connection with or as a prerequisite to or condition for the issuance, renewal or continued validity of any *license*, certificate or registration required by law." (Italics added; presumably, by the majority's view the word "fee" should be understood to include the Palm Springs city license fee.) Section 16224 provides that "All sums collected in suits under this chapter shall be reported to the Controller and deposited in the State Treasury to the credit of the fund in which would be deposited the fee, tax or charge for which the suit was brought." If Palm Springs can rely on Business and Professions Code, section 16240, for collection of the "license" fee imposed by its ordinance or a "penalty" imposed by state law then it would seem to follow that such fee or penalty when collected should be paid over, not to the treasurer of Palm Springs, but to the State Treasury of California.

Regardless of any such problem as is last above mentioned it appears more reasonable to me to construe the language of section 16240 in the light of its context in chapter 3 of the Business and Professions Code (hereinabove described and quoted in part) and to relate its reach to the enforcement of state laws which it purports to contemplate rather than to city ordinances enacted exclusively for revenue purposes of the city and concerning which the city's code expressly declares that "The criminal penalties provided for by this Code shall not be applied . . . as a method of obtaining collection

of the license fees.'' It is, of course, our duty, where the applicable law is uncertain, to resolve any uncertainty in favor of the accused person. (*In re Tartar* (1959), 52 Cal.2d 250, 256-257 [9, 10] [339 P.2d 553]; *Chessman* v. *Superior Court* (1958), 50 Cal.2d 835, 843 [6] [330 P.2d 225]; *People* v. *Carskaddon* (1957), 49 Cal.2d 423, 427 [6] [318 P.2d 4]; *People* v. *Stuart* (1956), 47 Cal.2d 167, 175 [7] [302 P.2d 5, 55 A.L.R.2d 705]; *People* v. *Smith* (1955), 44 Cal.2d 77, 79 [2] [279 P.2d 33]; *In re Bramble* (1947), 31 Cal.2d 43, 51 [6, 7] [187 P.2d 411]; *In re McVickers* (1946), 29 Cal.2d 264, 278 [176 P.2d 40]; *People* v. *Valentine* (1946), 28 Cal.2d 121, 143 [20] [169 P.2d 1]; *People* v. *Ralph* (1944), 24 Cal. 2d 575, 581 [2] [150 P.2d 401]; *Ex parte Rosenheim* (1890), 83 Cal. 388, 391 [23 P. 372].)

For the reasons hereinabove related I dissent from the majority holding, and if there be no tenable basis for sustaining the conviction of petitioner (which issue, as indicated at the outset of this dissent, I do not reach but as to which the majority have failed to find a supportable theory) the writ should be granted.

McComb, J., concurred.

Petitioner's application for a rehearing was denied June 8, 1960. Schauer, J., and McComb, J., were of the opinion that the application should be granted.