[Civ. No. 22866. First Dist., Div. Two. Sept. 20, 1966.]

VERNER, HILBY & DUNN, Plaintiff and Appellant, v. CITY OF MONTE SERENO et al., Defendants and Respondents.

St. Sure, Moore & Corbett and Maurice Engel for Plaintiff and Appellant.

Douglas H. Pendleton for Defendants and Respondents.

SHOEMAKER, P. J.—Plaintiff Verner, Hilby and Dunn, a California corporation, brought this declaratory relief action against the City of Monte Sereno and its city clerk, Winifred Frost, to obtain an adjudication of the unconstitutionality of its Ordinance 16, dealing with the regulation and licensing of businesses, trades and professions. From the judgment upholding its constitutionality, plaintiff appeals.

The facts are without dispute. Plaintiff corporation was organized in California in 1957, and had its principal place of business in the City of Santa Clara. Its president, Park Ver-

ner, was licensed by the state as a land surveyor and plaintiff's other two officers were licensed by the state as civil engineers. In November 1962, Verner and two employees of plaintiff entered the limits of defendant city for a period of approximately three hours and performed certain surveying work. Defendant city thereafter demanded payment of its annual license tax, as provided in Ordinance 16. Under protest, plaintiff paid the tax. Plaintiff admitted that it had performed work within the limits of defendant city during the years 1959, 1961 and 1964, as well as during the year 1962.

The trial court found that defendants had invoked and attempted to enforce Ordinance 16 against plaintiff for the sole purpose of collecting the business license tax therein provided. The court concluded as a matter of law that the ordinance did not attempt to regulate the activities of civil engineering or land surveying, but was solely a revenue measure; that any regulatory provisions contained in sections 24 and 25 of the ordinance were merely ancillary to the revenue collecting purpose of the ordinance; and that the ordinance was not unconstitutional and was valid and enforceable against plaintiff corporation.

Plaintiff's primary contention on appeal is that Ordinance 16 is not purely a revenue measure, as found by the trial court; that it attempts to regulate the professions of civil engineering and land surveying; and that it thereby infringes upon a field preempted by the state and creates a conflict with the general law, in violation of article XI, section 11, of the state Constitution.

We agree with this contention, which is fully supported by an examination of certain relevant provisions of the ordinance in question.

According to its title, Ordinance 16 provides for the "licensing of businesses, trades and professions, and other activities conducted for profit, and for regulation of the same: establishing a schedule of license fees and permit procedure."

Section 12 of said ordinance provides that every person required by the ordinance to obtain a license shall apply to the city clerk 30 days prior to the effective date of such license. Upon receipt of the application and fee, the clerk shall issue the license, which shall state the amount of the fee, the duration of the license, the name of the person to whom it is issued, the nature of the business licensed, the location where the business is to be carried on, and the number and description of

the vehicles to be used in the conduct of the business within the city limits.

Sections 14 and 15 provide for annual licenses payable in advance on the first day of July of each fiscal year.

Section 17 imposes penalties for failure to pay the license fee.

Section 18 provides for collection of the license fee by civil action.

Section 24 provides that any license issued under the ordinance "is subject to revocation for cause in the manner provided by law. Complaints against any licensee seeking a revocation of license must be in writing and must set forth one or more of the grounds hereinafter enumerated, which shall constitute the basis for the revocation of the license issued hereunder. . . ."

Section 25 sets forth four grounds which shall constitute the basis for license revocation: "(a) When the continuance of the operation of the licensee under such license shall be contrary to the public health, safety, peace, welfare and morals; (b) The violation of any of the penal provisions of this Ordinance; (c) The misrepresentation of a material fact by any applicant in obtaining any license hereunder; (d) The plea, verdict, or judgment of guilty to any public offense involving moral turpitude charged against licensee."

Section 27 provides for a noticed hearing before the city council when a complaint has been filed against a licensee. It further provides that "The decision and conclusion of the City Council shall be final and conclusive. If the City Council shall order the revocation of any license issued hereunder, no person whose license has been revoked shall thereafter conduct such business in the City, until he shall receive a new license therefor."

Section 28 provides that a person whose license has been revoked shall not be entitled to a refund of any part of the license fee and shall not be issued a new license within six months of the date of revocation.

Section 33 contains six subsections, each of which sets the annual license fee payable under the ordinance by persons engaging in particular types of business activity within the city. Although the record does not reveal which subsection was determined by defendant city to be applicable to plaintiff, it is apparent from a reading of the various subsections that the city must have proceeded under subsections 4 or 6. The former subsection imposes an annual $20 license fee upon "Profes-

sional, semi-professional, business, trade, occupation or calling . . . doing business or rendering services for profit within the City, regardless of place of business." Subsection 6 imposes an annual $20 license fee upon "All others; any business, profession, semi-profession, trade, calling or occupation, not hereinabove covered."

Section 35 contains a broad severability clause, in which the city council declares that "it would have passed this Ordinance and each section, sub-section, sentence, clause or phrase thereof, irrespective of the fact that any one or more sections, sub-sections, sentences, clauses or phrases be declared unconstitutional."

Section 37 characterizes the ordinance as "a revenue measure . . . necessary for the financing as well as the regulation" of the city.

■ The state, by various code sections, has preempted the field of regulating and licensing persons entitled to engage in the occupations of civil engineering and land surveying. (Bus. & Prof. Code, §§ 6700-6799, 8700-8805.) Under such circumstances, a municipal ordinance which attempts to impose additional or more stringent requirements upon persons engaged in those occupations is in conflict with the general law and therefore invalid (*Agnew* v. *City of Culver City* (1959) 51 Cal.2d 474, 476-477 [334 P.2d 571]; *Agnew* v. *City of Los Angeles* (1958) 51 Cal.2d 1, 5 [330 P.2d 385]; *Agnew* v. *City of Culver City* (1956) 147 Cal.App.2d 144, 149-150 [304 P.2d 788]; *Lynch* v. *City of Los Angeles* (1952) 114 Cal.App.2d 115, 118-120 [249 P.2d 856]; *Agnew* v. *City of Los Angeles* (1952) 110 Cal.App.2d 612, 619-623 [243 P.2d 73]), and this is true even if the requirements imposed by a city are identical to those contained in the state statute. (*Pipoly* v. *Benson* (1942) 20 Cal.2d 366, 370-372 [125 P.2d 482, 147 A.L.R. 515]; *City & County of San Francisco* v. *Boss* (1948) 83 Cal.App.2d 445, 452 [189 P.2d 32].)

■ Although it is true that state preemption does not preclude a city from taxing state-licensed businesses which are carried on within its boundaries and enforcing such taxes by requiring business licenses for revenue and by criminal penalties, revenue provisions of this nature cannot be upheld if they are an inseparable part of a regulatory scheme excluded by state law. (*In re Groves* (1960) 54 Cal.2d 154, 156-158 [4 Cal.Rptr. 844, 351 P.2d 1028]; *Agnew* v. *City of Los Angeles* (1961) 190 Cal.App.2d 820, 828-830 [12 Cal.Rptr. 507];

*Arnke* v. *City of Berkeley* (1960) 185 Cal.App.2d 842, 846 [8 Cal.Rptr. 645].)

Under the aforementioned authorities, an ordinance intended solely for the collection of revenue is not unlawful merely because it contains certain provisions which are regulatory in nature but which serve no purpose other than to effectuate revenue collection. However, an ordinance which is intended to impose unlawful regulations in a field preempted by the state may not be upheld merely because it also contains revenue provisions which are supplementary to the regulatory purpose of the ordinance.

Ordinance 16 does not fall within either category. It was obviously intended to accomplish both revenue collection and regulation. Hence, we cannot say that either purpose is merely incidental or supplemental to the other. Both the title of the ordinance and the concluding proviso state that the ordinance is designed both to regulate and to raise revenue. Sections 24, 25, 27 and 28 provide a complete scheme for the revocation of business licenses issued under the ordinance and prohibit any person whose license has been revoked from conducting business within the city. Thus, a civil engineer or land surveyor will not be allowed to practice his profession within the city limits if he engages in business practices which the city council deems deleterious to the public health, safety, peace, welfare and morals; if he misrepresents a material fact in his license application; or if he is adjudged guilty of any public offense involving moral turpitude. Such a regulatory scheme conflicts with the general law, for the state has undertaken, in sections 6775 and 8780 of the Business and Professions Code, to furnish a comprehensive list of those grounds which shall constitute sufficient cause to deprive a licensed engineer or surveyor, either temporarily or permanently, of his right to practice his profession anywhere in the state. We are convinced that the regulatory scheme contained in the ordinance serves no purpose connected with revenue collection and is intended solely to impose additional qualifications upon persons already licensed by the state.

We have noted that Ordinance 16 has two purposes: (1) to furnish revenue for the city, and (2) to confer upon the city power to regulate and control the conduct of those persons doing business within its boundaries. Defendants assert that plaintiff may not challenge the second purpose, to wit: the regulatory provisions of the ordinance, because the city has not attempted to revoke its license. This contention cannot

stand. Under the authorities above cited, we have concluded that the revenue provisions of the ordinance are an inseparable part of the unlawful regulatory scheme and are likewise invalid.

Relying on section 35 of the ordinance, *supra*, defendants contend that any invalid provisions of Ordinance 16 may be disregarded and the remaining portions upheld. However, this argument overlooks the fact that under the terms of the ordinance, the requirement that an engineer or surveyor obtain a business license is itself the means by which the city acquires the right to exercise control over his qualifications and conduct. The ordinance thus operates in a manner strikingly similar to those condemned in *Agnew* v. *City of Los Angeles, supra,* 51 Cal.2d 1, and *City & County of San Francisco* v. *Boss, supra,* and subsequently characterized as licensing measures which were inseparable parts of regulatory schemes excluded by state law. (*In re Groves, supra,* at p. 157.) The ordinance in the instant case appears to us indistinguishable therefrom, and the severability clause upon which defendants rely becomes of no real benefit to them. ▮ It is settled that such a clause, even if broadly drawn, does not deprive the judiciary of its normal power and duty to construe the statute and determine whether the unconstitutional part so materially affects the balance as to render the entire enactment void. (*California Emp. etc. Com.* v. *Payne* (1947) 31 Cal.2d 210, 214 [187 P.2d 702].) In other words, the presence of a severability clause does not change the rule that an unconstitutional enactment will be upheld in part only if it can be said that that part is complete in itself and would have been adopted even if the legislative body had foreseen the partial invalidation of the statute. (*O'Kane* v. *Catuira* (1963) 212 Cal.App.2d 131, 141 [27 Cal.Rptr. 818, 94 A.L.R.2d 487].)

▮ In view of the fact that the licensing portion of Ordinance 16 is an inseparable part of a regulatory scheme excluded by the state laws applicable to engineers and surveyors, we hold that Ordinance 16 is unconstitutional and void. The judgment is reversed, with directions to the trial court to enter judgment in favor of plaintiff as prayed.

Agee, J., and Taylor, J., concurred.

A petition for a rehearing was denied October 20, 1966, and respondents' petition for a hearing by the Supreme Court was denied November 16, 1966.