Opinion
FAINER, P. J.
Defendants operate a limousine service out of the City of El Segundo. They are licensed by the Public Utilities Commission under the Passenger Charter-Party Carriers’ Act (Pub. Util. Code, div. 2, ch. 8, §§ 5351-5419). Each was convicted of violating the Municipal Code of the City of El Segundo by operating a vehicle for hire without a permit (§ 5.16.230) and without paying a license fee for each vehicle (§ 5.08.630). Their claim in the trial court and on appeal is that the El Segundo ordinances are unconstitutional because they legislate in an area preempted by state law. This claim is well taken.
The Public Utilities Commission is a California State regulatory body which derives some of its powers through direct grant from the California Constitution. (Cal. Const., art. XII, §§ 1-9; Southern Cal. Gas Co. v. Public Utilities Com. (1979) 24 Cal.3d 653 [156 Cal.Rptr. 733, 596 P.2d 1149].) Article XII, section 8 states in pertinent part that “[a] city, county or other public body may not regulate matters over which the Legislature grants regulatory power to the Commission.” In *Supp. 21 addition, Public Utilities Code section 1033 states: “The commission, in the exercise of the jurisdiction conferred upon it by the Constitution of this State and by this part, may grant certificates of public convenience and necessity, make decisions and orders, and prescribe rules affecting passenger stage corporations, notwithstanding the provisions of any ordinance or permit of any city, county, or city and county, and in case of conflict between any such order or rule and any such ordinance or permit, the certificate, decision, order, or rule of the commission shall prevail.” This section is made applicable to the Passenger Charter-Party Carriers’ Act by Public Utilities Code section 5382.
The entire legislative scheme of which El Segundo Municipal Code section 5.16.230 is only a part is, as applied to defendants, an attempt to legislate on matters covered by the Public Utilities Commission. (People v. Moore (1964) 229 Cal.App.2d 221, 225 [40 Cal.Rptr. 121]; In re Lane (1962) 58 Cal.2d 99, 102 [22 Cal.Rptr. 857, 372 P.2d 897].) This is true even though some of the El Segundo enactments might not be in direct conflict with the Public Utilities Code. It is enough that they cover the same subject matter. (Abbott v. City of Los Angeles (1960) 53 Cal.2d 674, 682 [3 Cal.Rptr. 158, 349 P.2d 974].)
California Vehicle Code section 21100 which permits cities to regulate taxicab businesses does not permit El Segundo to ignore the Public Utilities Code as it is applied to defendants.[1] Since these defendants have a valid permit issued by the Public Utilities Commission, they cannot be required to secure a permit from the City of El Segundo.
Although it is true that cities can validly tax carriers which are subject to the Public Utilities Code (Willingham Bus Lines, Inc. v. Municipal Court (1967) 66 Cal.2d 893, 895 [59 Cal.Rptr. 618, 428 P.2d 602]), such taxation cannot attempt to “prescribe qualifications ... different from or additional to those prescribed by the state.” (In re Galusha (1921) 184 Cal. 697, 699 [195 Cal.Rptr. 406]; see also In re Groves (1960) 54 Cal.2d 154, 157 [4 Cal.Rptr. 844, 351 P.2d 1028] and the cases cited therein.) This is the first defect of El Segundo Municipal Code section 5.08.630. The vehicle fee is an inextricable part of the statutory scheme which, as applied to defendants, has been preempted by state law. The licensing ordinance is unconstitutional for this *Supp. 22 reason. (Agnew v. City of Los Angeles (1958) 51 Cal.2d 1 [330 P.2d 385].)
The second problem with section 5.08.630 is that the fee is applied to each vehicle operated in the city. This constitutes a charge for the use of the city streets and, as appellants argue in their reply brief, is indistinguishable from the fee condemned in Biber Elec. Co. v. City of San Carlos (1960) 181 Cal.App.2d 342 [5 Cal.Rptr. 261]. Biber held that a charge of $1 for an emblem to be displayed on each commercial vehicle imposed a license fee in addition to that required by section 9250 et seq. of the Vehicle Code. The city had no power to set licensing requirements beyond those provided in the Vehicle Code. (See also, 44 Ops. Cal.Atty.Gen. 117 (1964) and Willingham Bus Lines, Inc. v. Municipal Court, supra, 66 Cal.2d 893, 896-897.) Section 5.08.630 is also unconstitutional to the extent that it requires a license fee for each vehicle.
The judgment of conviction and the order overruling the demurrer to the complaint are reversed.
Jones, J., concurred.

 Public Utilities Code section 5353 provides that the terms of the chapter do not apply to taxicabs which are regulated by a city or county (subd. (g)). Also excluded are transportation services rendered wholly within a single city and county (subd. (a)).